## THE STATE EX RELATIONE v. F. J. MANLOVE.

1. The State was not a proper party to a proceeding instituted by a person appointed by the district court to discharge, *pro tempore,* the duties of district attorney, when the object of such proceeding was to contest the right of such appointee to exercise the office during the term, as against that of another person who had been appointed and commissioned by the Governor; and on an appeal taken by such *pro tem.* appointee from a decision against him by the district court, it was not error to require him to give an appeal bond.

2. Under Article 191, Paschal's Digest, the power of the district court to make such an appointment, on the contingency mentioned in that article, is unrestricted, except that the appointment cannot extend beyond the term of the court then current; and it would be competent for the court to make such an appointment for each day of the term, or for each

case in which the State was interested, or to terminate at the will and pleasure of the court.

3. In the present case the appointment made by the district court designated no time for which it should continue, and on a subsequent day of the term that court adjudged that it had been terminated by the appearance of the person appointed and commissioned as the regular district attorney. *Held*, that this action of the district court disposed of all pretense of right on the part of the *pro tem.* appointee, and would not to be disturbed by this court.

APPEAL from Cameron. Tried below before the Hon. Wm. H. Russell.

The character of this case is clearly indicated in the opinion of the court and in the head notes.

Frank E. Macmanus, Esq., was the relator, and he entitled his petition an "information in the nature of a *quo warranto*," setting forth his own appointment by the court, and also impeaching the appellee's title to the office on the ground that by the Constitution it was an elective office, and that the appointment of the appellee by the Governor was in violation of the Constitution, and therefore null and void.

The court below adjudged, that by the appearance of the appellee, and his presentation of his commission, the functions of Macmanus under his *pro tem.* appointment instantly ceased; and thereupon the petition of the latter was dismissed and costs adjudged against him. He gave notice of an appeal in the name of the State, but the court below held that it was his individual case, and required him to give an appeal bond in the sum of one hundred dollars; to which ruling he excepted.

No brief for either side has reached the Reporter.

OGDEN, J.—The State of Texas was erroneously made party in this cause, in order to litigate matters between individuals of a purely individual character. The only question raised in the

pleadings, is as to the right of the relator, as he is styled, to hold and exercise the office of district attorney *pro tem.*, as against the claims of F. J. Manlove, who had received the appointment and commission from the Governor of the State to the same office. This was most clearly an individual matter, and the court did not err in requiring Macmanus to execute an appeal bond. The real appellant claims the right to exercise the office of district attorney by virtue of a *pro tem.* appointment by the district judge, under the authority of Article 191, Paschal's Digest, which provides that, under the contingency mentioned. " it shall be the duty of the judge of the district court of said district to appoint some other competent person to discharge, *pro tempore*, the duties assigned by this act to that officer," namely : the district attorney. This statute confers full power on the district court to appoint, without any limit as to the time the appointment shall run, excepting that it cannot extend beyond that term of the court; and we see no prohibition to the court from appointing a district attorney *pro tem.* for each day of the court, or for each case wherein the State may be interested, or from making the appointment to continue at the will of the court, and consequently to end whenever an order or judgment of the court should so direct. We think this is clearly the doctrine maintained and decided in the case of Keenan v. Perry, 24 Texas, 253, and the other authorities cited by appellant. If, therefore, the district judge had the authority to appoint and remove at discretion, then this case, so far as the rights of the appellant Macmanus are concerned, is decided, for on the sixth day of October, 1870, the district court rendered a solemn judgment on the application of appellant to be continued in the office, refusing and dismissing the application at the cost of the applicant, and we are not disposed, if we had the authority, to disturb that judgment. It is therefore affirmed.

Affirmed.