

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable R. E. Bibb
County Judge
Maverick County
Eagle Pass, Texas

Dear Sir:

Opinion No. O-4979
Re: Where a duly elected and
qualified county attorney
has been inducted into the
Armed Forces of the United
States and has taken no
steps to discharge the
duties of his office, what
can the commissioners'
court do relative to hav-
ing the duties of county
attorney performed?

We acknowledge receipt of your request for an opin-
ion on the above question, including a letter dated January
20, last, from Honorable David E. Hume, an attorney of your
city, who states he is writing same at your request. Under
the provisions of Article 4399 of the Revised Civil Statutes
of Texas, this department is prohibited from rendering legal
opinions to county judges, but, in view of the fact that
your county is without the services of the county attorney
at the present, we feel it not inappropriate to answer your
questions. We understand the facts relative to said matter
to be as follows:

Mr. Van Haile McFarland was inducted into the Armed
Forces of the United States in October of last year. At that
time he was county attorney of your county, was re-elected at
the November election, has duly qualified by taking the oath
of office and making bond, but he has not since returned and
has taken no steps relative to discharging his duties.

In our Opinion No. O-3448, a copy of which is at-
tached hereto, this department held that the office of county
attorney did not become vacant upon the induction of the

incumbent into the Army. We also held that such officer was entitled to his salary during the term of his office, or until a vacancy was established.

Article 331, Revised Civil Statutes, provides that county attorneys, by consent of the commissioners' court shall have power to appoint one or more assistants, and Article 3902 also deals with the appointment of such assistants, but it is specifically provided in Article 3902 that the commissioners' court shall not attempt to influence the appointment of any person as an assistant. Mr. McFarland being the present county attorney of your county, the appointment of someone by the commissioners' court to serve as county attorney could be nothing more than the appointment of an assistant, which is clearly prohibited by the above statute. It is the opinion of this department, therefore, that the commissioners' court does not have authority to name another to act as county attorney during the time Mr. McFarland is in the Army.

In this connection we take occasion to say the whole situation would be greatly clarified if the county attorney would, with the approval of the commissioners' court of your county, appoint an assistant, as has been done under the same circumstances in several counties of this State.

We direct your attention to Article 334, Revised Statutes, which reads as follows:

"The district and county attorneys, upon request, shall give an opinion or advice in writing to any county or precinct officer of their district or county, touching their official duties."

The above quoted statute makes it the duty of your district attorney to advise your county and precinct officers in writing about all matters touching their respective official duties. We feel sure your district attorney will gladly and ably perform that duty.

Article 339, Revised Statutes, reads as follows:

When it shall come to the knowledge of any district or county attorney that any officer in his district or county entrusted with the collection or safe keeping of any public funds is in any manner whatsoever neglecting or abusing the trust confided in him, or in any way failing to discharge his duties under the law, he shall institute

such proceedings as are necessary to compel the
performance of such duties by such officer and to
preserve and protect the public interests."

Article 27, Code of Criminal Procedure, is as follows:

"It shall be the duty of the district or
county attorney to present by information to the
court having jurisdiction, any officer for neglect
or failure of any duty enjoined upon such officer,
when such neglect or failure can be presented by
information, whenever it shall come to the knowl-
edge of said attorney that there has been a neg-
lect or failure of duty upon the part of said of-
ficer; and he shall bring to the notice of the
grand jury any act of violation of law or neglect
of failure of duty upon the part of any officer,
when such violation, neglect or failure are not
presented by information, and whenever the same
may come to his knowledge."

The duties imposed by Article 339 pertain to civil
actions while Article 27 has reference to criminal proceeding
which both county and district attorneys are required to inst-
tute when warranted by the facts.

With reference to other duties imposed and authority
conferred upon both county and district attorneys, you atten-
tion is directed to Articles 28, 29, and 30 of the Code of
Criminal Procedure, which Articles read respectively as fol-
lows:

Article 28. "Upon complaint being made be-
fore a district or county attorney that an offense
has been committed in his district or county, he
shall reduce the complaint to writing and cause
the same to be signed and sworn to by the com-
plainant, and it shall be duly attested by said
attorney."

Article 29. "If the offense be a misdemeanor,
the attorney shall forthwith prepare an informa-
tion based upon such complaint and file the same
in the court having jurisdiction. If the offense
be a felony, he shall forthwith file the complaint
with a magistrate of the county."

Article 30. "For the purpose mentioned in the two preceding articles, district and county attorneys are authorized to administer oaths."

We also call your attention to Article 31, Code of Criminal Procedure, which reads as follows:

"Whenever any district or county attorney fails to attend any term of the district, county of justice's court, the judge of said court or such justice may appoint some competent attorney to perform the duties of such district or county attorney, who shall be allowed the same compensation for his services as is allowed the district attorney or county attorney. Said appointment shall not extend beyond the term of the court at which it is made, and shall be vacated upon the appearance of the district or county attorney."

Under said Article 31, a county attorney pro tem may not be appointed when county or justice court is in vacation. Moore v. State, 119 S. W. 858.

A county attorney pro tem cannot be appointed in term time unless both the county and district attorney are absent. This appears to be the construction placed upon this Article by the courts. Daniels v. State, 77 S. W. 215; Butler v. State, 299 S. W. 420. As a matter of precaution, the order of the court appointing a county attorney pro tem should show that neither the county attorney nor district attorney was present. Such as appointment may be made to represent the State in all cases and matters coming before the court at the term at which the appointment is made or in a particular case only. The appointment cannot extend beyond the term, (State v. Manlove, 33 Tex. 798) but if a county attorney pro tem is appointed at one term of court to represent the State in a case, and qualified under said appointment, he may prosecute the case, at a subsequent term without re-appointment. Marnoch v. State, 7 Cr. R. 269. When a county attorney pro tem is appointed, it appears that he must take the constitutional oath of office as county attorney pro tem. Marnoch v. State, supra. Such an attorney pro tem has all the powers and duties of the regular prosecuting attorney. State v. Lackey, 35 Tex. 357. They are evidently authorized to prepare and take acknowledgments to complaints, prepare and file informations. Article 30, C. C. P.

Of course, no person should be appointed county attorney pro tem in a particular case where he is for any reason disqualified to represent the State.

It will be noted that said Article 31 also applies to justice courts, and what has heretofore been said with reference to appointment of a county attorney pro tem by a county judge applies to a justice of the peace. We think it is also applicable to any judge who sits as an examining court. Articles 246, et seq. C. C. P.

A complaint may be acknowledged before a justice of the peace or any other officer authorized by law to take or administer oaths. Articles 882 and 883, C. C. P.

The statute (Article 28, C. C. P.) provides that upon a complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by him and the succeeding Article requires him, if the offense be a misdemeanor, to prepare an information based thereon and file the same in the court having jurisdiction and, if a felony, he shall forthwith file the complaint with a magistrate of the county. In our opinion, Article 28 is not exclusive as to who shall prepare complaints, and that where the county attorney is absent, the complaint may be prepared by a justice of the peace or any other officer or person, but, of course, the complaint must be sworn to by the complainant before some officer authorized to administer oaths. If the complaint charges a misdemeanor and the defendant is to be tried in the county court then an information based upon said complaint must be filed in that court. Where the county attorney is absent, the district attorney is authorized to prepare and file the information in the county court. Cody v. State, 47 S.W. (2d) 297. In this connection, we call your attention to the fact that when a complaint is filed in the county court the information based thereon may be filed at any time before the offense is barred by limitation. Roberson v. State, 17 Tex. Ct. App., 317, 319; Gentry v. State, 117 S. W. 696; Day v. State, 74 S. W. 699, 700. Therefore, the district attorney or the county attorney pro tem will have an opportunity to file the information before the case is called for trial.

In Texas Jurisprudence, Volume 11, page 575, the following rule is stated:

"The commissioners' court has power to employ attorneys to assist the regularly constituted officers of the county in the prosecution of its claims and suits, and to pay for such services out of the county funds. It seems, however, that the commissioners' court does not have the power to deprive the county attorney of his rightful authority in this regard. Ths employment of counsel is restricted to special cases where the services of an attorney are required; nor has the court power to make an order which will warrant the payment of county money to an attorney for services neither required nor performed." (Adams v. Seagler, 250 S. W. 413; Gibson v. Davis, 236 S.W. 202; Terrell v. Greene, 31 S. W. 631; Grooms v. Atascosa County, (Civ. App.) 32 S.W. 188).

It is our opinion that under the facts stated by you and the above rules of law, the commissioners' court would not have the authority to engage counsel to perform the duties of county attorney of your county, but that it would have authority to engage counsel to assist the county attorney in the performance of the duties referred to in Article 339, provided it did not attempt to deprive the county attorney of his rightful authority in this regard. It would also have authority to engage counsel to advise said court, as it has been held that Article 334 was intended to impose a duty upon the county and district attorneys, and not as a restriction upon the commissioners' court in the employment of attorneys to advise and render services to the county in important matters coming before it for its consideration. Gibson, et al., v. Davis, et al., 236 S.W. 202. Such counsel would not be required to take the oath of office.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

JWB:db--PAM

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 24 1943
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

By          Jas. W. Bassett
                 Assistant

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN