

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0072-07

**THOMAS COLEMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## SWISHER COUNTY

COCHRAN, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON and HOLCOMB, JJ., joined. KELLER, P.J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

### O P I N I O N

In this case, the elected district attorney recused himself from participating in the perjury investigation and prosecution of appellant because of a conflict of interest. The trial judge appointed two attorneys pro tem to handle the grand-jury investigation and, if needed, any subsequent prosecution. These attorneys were solely responsible for the case for twenty-one months. Nine days before trial, a new district attorney took office. Appellant then filed a motion arguing that the new district attorney was qualified to handle the trial, and therefore

the attorneys pro tem had no legal authority to continue their representation of the State.  The

trial court denied this motion.  A jury found appellant guilty of one count of aggravated

perjury.  The court of appeals held that it was not error to allow the attorneys pro tem to

prosecute appellant.[1]  We agree.[2]

I.

In 1999, appellant took part in what became the notorious "Tulia" narcotics sting

operation.[3]  Four of the "Tulia"defendants—Freddie Brookins, Jr., Christopher Jackson, Joe

---

[1] *Coleman v. State*, __ S.W.3d __, ___, No. 07-05-0042-CR, 2006 Tex. App. LEXIS 10155, *4
(Tex. App.—Amarillo 2006).

[2]  We granted review on appellant's two grounds, which ask:
1)      Does the appointment of an attorney pro tem, during the disqualification of an elected
        district attorney, continue after the disqualified district attorney's successor takes office?
2)      Can the trial court disregard Article 2.07, Texas Code of Criminal Procedure and appoint
        an attorney pro tem to serve beyond the disqualification of the state's attorney?

[3]  *See* Bill Hanna, *Sheriff Advised in Court To Get Attorney*, Star Telegram (Fort Worth), Jan. 13,
2005, at 4B ("In 1999, Coleman was part of a drug sting that eventually led to the convictions of
46 defendants in Tulia, 39 of whom were black.  Coleman was the main witness–and sometimes
the sole person to testify for the prosecution in the drug cases.").  As one national newspaper
described it,
> Working undercover in the Panhandle town of Tulia for a multicounty drug
> investigation task force, Mr. Coleman arrested 46 men and women, most of them
> black, on narcotics charges during an 18-month period beginning in 1998. Mr.
> Coleman, who is white, used no electronic surveillance of the suspects and
> recovered no drug evidence, and years later some of the arrest reports he filed
> were determined to be bogus.
> Yet in 1999 and 2000, his testimony caused all but eight of those he had
> arrested to be convicted, through either verdicts or plea bargains. Many were
> sentenced to prison terms of as much as 90 years.
Steve Barnes, *Rogue Narcotics Agent in Texas Is Found Guilty in Perjury Case*, N.Y. TIMES,
Jan. 15, 2005, at 5A, *available at* http://www.nytimes.com/2005/01/15/national/15tulia.html (last

Welton Moore, and Jason Jerome Williams—filed writs of habeas corpus challenging their convictions.[4] Appellant testified in a joint evidentiary hearing regarding these habeas applications in March of 2003.[5] Swisher County District Attorney Terry McEachern represented the State of Texas in that hearing, as well as in the underlying criminal prosecutions. An investigation into appellant's possible perjury was initiated after his testimony in that hearing.[6] Mr. McEachern then filed a motion for recusal with the trial judge, stating that because he "represented the State of Texas during the trial of the cases involving Swisher County, Texas, he has a conflict of interest in presenting any cases against or prosecuting witness Coleman." Mr. McEachern requested that a "special prosecutor" be appointed.

The trial judge granted this recusal motion. He appointed two attorneys, Rod Hobson and John Nation, "as special prosecutors to engage in all acts necessary to present the

---

visited February 4, 2008).

[4] *Coleman*, 2006 Tex. App. LEXIS 10155, *1.

[5] *Id*. For additional facts concerning the underlying cases, *see, e.g.*, *Brookins v. State*, No. 07-00-0159-CR, 2001 Tex. App. LEXIS 1680 (Tex. App.—Amarillo March 13, 2001, no pet.); *Moore v. State*, No. 07-00-0003-CR, 2000 Tex. App. LEXIS 6795 (Tex. App.—Oct. 10, Amarillo 2000, pet. ref'd); *Williams v. State*, No. 07-00-0184-CR, 2000 Tex. App. LEXIS 6944 (Tex. App.—Amarillo Oct. 16, 2000, no pet.).

[6] *Coleman*, 2006 Tex. App. LEXIS 10155, *1.

Swisher County Grand Jury any cases concerning offenses involving Tom Coleman, and if said cases are true-billed, to engage in any acts necessary to prosecute Coleman." Appellant was indicted for three counts of aggravated perjury.

Five and a half months later, the trial court granted appellant's motion for a continuance to allow a newly added defense attorney to become familiar with the case. The trial was, at that time, set to begin on May 24, 2004. On March 31, 2004, appellant requested another continuance because one of his attorneys had a personal matter arise that could not be handled before trial. The trial judge granted this second continuance, and a new trial date was eventually set for January 10, 2005.

District Attorney McEachern's term of office ended on December 31, 2004. On January 1, 2005, the newly elected district attorney, Wally Hatch, took office.

Six days later, on January 6, 2005, appellant's counsel filed two documents: (1) an "Objection to 'Special Prosecutors' Rod Hobson and John Nation" and (2) a "Motion to Recuse 'Special Prosecutors.'" Defense counsel argued that the original "conflict of interest" grounds for the appointment of the attorneys pro tem no longer existed because the newly elected district attorney, not having been involved in the Tulia drug sting cases, was not disqualified. Therefore, he argued, the trial court did not have authority to continue the appointment of the attorneys pro tem. The trial court overruled appellant's objection and denied his motion. After a five-day trial, a jury convicted appellant of one count of aggravated perjury and sentenced him to seven years' imprisonment, but recommended that

he be placed on community supervision.

On appeal, appellant claimed that the trial court erred by denying his motion to recuse the "Special Prosecutors."[7] The court of appeals disagreed and noted that "[t]he language of the [recusal] order does not suggest it was limited to actions occurring during McEachern's term of office."[8] Appellant also argued that, by allowing the attorneys pro tem to continue in the case after Mr. Hatch took office, the trial court effectively "removed" the new district attorney from the case.[9] Not so, the appellate court explained: "Nothing in the record before us indicates that Hatch considered the authority of the attorneys pro tem terminated when he assumed office, or that he had objection to their completion of the duties for which they were appointed." [10]

We granted appellant's petition for discretionary review to address the trial court's authority to permit an attorney pro tem to continue his representation of the State of Texas after the original rationale for that attorney's appointment has ended.

---

[7] 2006 Tex. App. LEXIS 10155, *4.

[8] *Id.*

[9] *Id.* at *4-5.

[10] *Id.* at *5.

II.

Under Texas law, "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals" from those cases.[11]  There are, however, a few instances in which the district attorney is legally disqualified from acting. [12] For example, he cannot "be of counsel adversely to the State in any case, in any court[.]" [13] A district attorney who is not legally disqualified may request that the district court permit him to recuse himself in a particular case for good cause.  This procedure allows the district attorney to avoid conflicts of interest and even the appearance of impropriety by deciding not to participate in certain cases.[14]  Once the trial court approves his voluntary recusal, the

---

[11] TEX. CODE CRIM. PROC. Art. 2.01.

[12] *See* TEX. CODE CRIM. PROC. Art. 2.08; *see also In re Guerra*, 235 S.W.3d 392, 420-24 (Tex. App.—Corpus Christi 2007, orig. proc.) (holding that a trial court can disqualify a district attorney without notice and appoint an attorney pro tem when a grand jury seeks to investigate the district attorney for possible criminal activities).

[13] TEX. CODE CRIM. PROC. Art. 2.08 ("District and county attorneys shall not be of counsel adversely to the State in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State."); *see Holland v. State*, 729 S.W.2d 366, 368 (Tex. App.—Beaumont 1987, no pet.) (noting that article 2.08 "disqualifies former prosecuting attorneys from switching sides in cases where they have been of counsel for the state.").

[14] *See State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 6 & n.6 (Tex. Crim. App. 1990) (discussing the distinction between legal disqualification and voluntary recusal for a possible conflict of interest to avoid the appearance of impropriety).

district attorney is deemed "disqualified."[15]  The responsibility for making the decision to recuse himself is on the district attorney himself; the trial court cannot require his recusal. [16]

When the district attorney is disqualified (or has voluntarily recused himself and been deemed disqualified), absent from the district, or otherwise unable to perform his duties, the trial court may appoint any competent attorney to perform the duties of the district attorney. [17] Once an attorney is appointed to replace a district attorney, the appointed attorney must file

---

[15] TEX. CODE CRIM. PROC. Art. 2.07(b-1).

[16] *Johnson v. State*, 169 S.W.3d 223, 229 (Tex. Crim. App. 2005) ("A prosecutor's refusal to recuse himself from the case cannot be corrected because the trial court has no authority to force a recusal."); *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 939 (Tex. Crim. App. 1994) (stating "the district attorney must initiate his own recusal under art. 2.07").

[17] TEX. CODE CRIM. PROC. Art. 2.07(a).  Article 2.07 states, in pertinent part,
> (a) Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.
> . . .
> (b-1) An attorney for the state who is not disqualified to act may request the court to permit him to recuse himself in a case for good cause and upon approval by the court is disqualified.
> (c) If the appointed attorney is not an attorney for the state, he is qualified to perform the duties of the office for the period of absence or disqualification of the attorney for the state on filing an oath with the clerk of the court.  He shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person.

TEX. CODE CRIM. PROC. Art. 2.07.

an oath with the clerk of the court unless he is already an attorney for the State.[18]   The appointed attorney is called an attorney pro tem.[19]   The attorney pro tem stands in the place of the regular attorney for the state and performs all the duties the state attorney would have performed under the terms of the appointment.[20]   The attorney pro tem acts "during the absence or disqualification of the attorney for the state."[21]

The concept of a temporary attorney for the State is not new, nor is it unique to Texas.

---

[18] TEX. CODE CRIM. PROC. Art. 2.07(c).

[19] TEX. CODE CRIM. PROC. Art. 2.07; *Marbut v. State*, 76 S.W.3d 742, 748 (Tex. App.—Waco 2002, pet. ref'd); *Stephens v. State*, 978 S.W.2d 728, 731 (Tex. App.—Austin 1998, pet. ref'd). Although the terms "attorney pro tem" and "special prosecutor" are sometimes used interchangeably and have many similarities, the two are fundamentally different. *See State v. Rosenbaum*, 852 S.W.2d 525, 529 (Tex. Crim. App. 1993) (Clinton, J., concurring).  Both are attorneys who are not members of the district attorney's regular staff. *Id*.  But a special prosecutor participates in a case only to the extent allowed by the district attorney and operates under his supervision. *Id*.  An attorney pro tem assumes all the duties of the district attorney, acts independently, and, in effect, replaces the district attorney. *Id*.  The special prosecutor need not take an oath of office. *Id*.  The attorney pro tem, if not an attorney for the state, must take an oath. *Id*.  Court approval for a special prosecutor is not required because the ultimate responsibility for the special prosecutor's actions remains with the elected district attorney. *Id*. In contrast, the trial court must approve the appointment of an attorney pro tem. *Id*. *See also, In re Guerra*, 235 S.W.3d 392, 409 (Tex. App.—Corpus Christi 2007, orig. proc.); *Rogers v. State*, 956 S.W.2d 624, 625 n.1 (Tex. App.—Texarkana 1997, pet. ref'd).

[20] *State v. Lackey*, 35 Tex. 357, 358 (Tex. 1872) ("A district attorney pro tem. is legally authorized to do whatever the law authorizes a district attorney to do."); *Rosenbaum*, 852 S.W.2d at 529.

[21] TEX. CODE CRIM. PROC. Art. 2.07(a); s*ee also* TEX. CODE CRIM. PROC. Art. 2.07(c) (allowing the appointed attorney pro tem "to perform the duties of the office for the period of absence or disqualification of the attorney for the state").

Other states have enacted similar provisions and allow for the appointment of temporary

prosecutors when the normal prosecuting attorney is unable or disqualified to act.[22] Although

---

[22] *See, e.g.,* ALA. CODE § 12-17-189 (2007) ("When any district attorney is suspended, the court shall appoint a district attorney pro tem, who shall perform the duties of the office of district attorney . . . from such appointment until the original order suspending the district attorney shall be set aside."); GA. CODE ANN. § 15-18-5  (2007) ("(a) When a district attorney's office is disqualified from interest or relationship to engage in a prosecution, the district attorney shall notify the Attorney General of the disqualification.  Upon receipt of such notification, the Attorney General shall: . . . (3) Appoint a competent attorney to act as district attorney pro tempore in place of the district attorney. . . . (d) The appointment of the district attorney pro tempore shall specify in writing the court or courts to which the appointment applies, the county or counties where located, the time period covered, and the name of the case or cases to which such appointment shall apply."); IDAHO CODE ANN. § 31-2603(a) (2007)("(a) When the prosecuting attorney for the county is absent from the court, or . . . when he is unable to attend to his duties, the district court may, upon petition of the prosecuting attorney or board of county commissioners, by an order entered in its minutes, stating the cause therefor, appoint some suitable person to perform for the time being, or for the trial of such accused person, the duties of such prosecuting attorney, and the person so appointed has all the powers of the prosecuting attorney, while so acting as such."); KY. REV. STAT. ANN. § 69.060 (LexisNexis 2007) ("Whenever the Commonwealth's or county attorney is absent, the Chief Judge of the appropriate court may appoint a suitable attorney to act as Commonwealth's or county attorney during his absence to prosecute criminal cases in the respective court."); MISS. CODE ANN. § 25-31-21  (2007) ("If, at the time of impaneling the grand jury in any circuit court, the district attorney be absent or unable to perform his duties or, if after impaneling of the grand jury, the district attorney be absent or unable to perform his duties or be disqualified, the court shall forthwith appoint some attorney at law to act for the state in the place of the district attorney during his absence or inability or disqualification, and the person appointed shall have the power to discharge all the duties of the office during the absence or inability or disqualification of the district attorney . . . ."); S.D. CODIFIED LAWS § 7-16-2  (2007) ("The circuit court, whenever there shall be no state's attorney for the county or when the state's attorney is absent or unable to attend to his duties or is adversely interested or disqualified, may appoint, by an order to be entered in the minutes of the court, some duly licensed attorney and counselor at law to perform for the time being the duties required by law to be performed by the state's attorney and the person so appointed shall thereupon be vested with all the powers of such state's attorney for that purpose . . . ."); TENN. CODE ANN. § 8-7-106  (2007) ("(a) If the district attorney general fails to attend the circuit or criminal court, or is disqualified from acting, or if there is a vacancy in the office, the court shall appoint some other attorney to supply such district attorney general's place temporarily.  The acts of such district attorney general pro tem shall be as valid as if done by the regular officer, and the district attorney general pro tem shall be entitled to the same privileges,

many do not contain explicit language describing how long such an attorney pro tem retains authority to act, some do. Georgia's statute, for example, provides that the "appointment of the district attorney pro tempore shall specify in writing . . . the time period covered, and the name of the case or cases to which such appointment shall apply."[23]

Our Texas statute has been read as encompassing the performance of all "germane functions of office contemplated by the appointment."[24] Thus, the appointment of an attorney pro tem lasts until the purposes contemplated by that appointment are fulfilled. For example, in *State v. Rosenbaum*,[25] the District Attorney recused and disqualified himself because he could be called to testify in the defendant's perjury trial.[26] The trial judge then appointed an attorney pro tem to "investigate" and "prosecute" the case.[27] We held that the attorney pro tem had, under the terms of the appointment, the authority to perform all duties that the district attorney could have performed relating to that "investigation" and

and emoluments.").

[23] GA. CODE ANN. § 15-18-5(d) (2007).

[24] *Rosenbaum*, 852 S.W.2d at 529 (Clinton, J., concurring).

[25] 852 S.W.2d 525 (Tex. Crim. App. 1993).

[26] *Id*. at 526.

[27] *Id*.

"prosecution," including taking an appeal.[28]  Thus, the duration of the appointment normally

depends upon the terms of the appointment order; it is not inexorably bound by the duration

of the district attorney's disqualification.[29]

III.

Appellant claims that the court of appeals erred by not following the plain language

of Article 2.07.  He argues that the statute limits an attorney pro tem to serving only "during"

the disqualification of the district attorney, and that the disqualification in this case ended the

moment that the newly elected district attorney took office. [30]

---

[28] *Id*. at 528.

[29] *See State ex rel. Manlove*, 33 Tex. 798, 800 (1871) (the district court has "full power" to "appoint and remove at discretion" an attorney pro tem to act during that term of court, and he may order "the appointment to continue at the will of the court, and consequently to end whenever an order or judgment of the court should so direct.").

[30] Neither the appellant nor the State have mentioned or addressed the issue of standing in this case.  When neither party raises standing, an appellate court may raise the issue on its own. *Kothe v. State*, 152 S.W.3d 54, 60 (Tex. Crim. App. 2004).  That court may also conclude that the State has forfeited that argument because it failed to raise it in the trial court. *Id*.; *see also United States v. Price*, 54 F.3d 342, 346 (7th Cir. 1995) (stating that "because *Rakas*' principle of 'standing' is rooted in the substantive law of the Fourth Amendment and not Article III [jurisdiction of courts], the government may waive these types of standing objections") (citation omitted); *United States v. DeGasso*, 369 F.3d 1139, 1143 n.3 (10th Cir. 2004) (concluding that standing issue was waived because government had never raised it).
       Whether a defendant has standing to challenge that a duly appointed attorney pro tem is not the proper person to prosecute him is a potentially complex issue. *See, e.g., Fairley v. State*, 163 Miss. 682, 690 (1931) ("The appellant had no right to demand that any prosecution against him be conducted by any particular person; he was only entitled to a fair and impartial trial conducted by a duly qualified district attorney, and it does not appear that he was in any wise prejudiced by the fact that the indictment returned against him was signed by a duly appointed and acting district attorney pro tem."); *Wright v. United States*, 732 F.2d 1048, 1058 (2d Cir.

The State responds that the trial court did not disregard the statute, that Mr. McEachern's disqualification continued after he left office, and that there is no statutory requirement that a newly elected district attorney *must* assume responsibility for a case that a properly appointed attorney pro tem has been handling.[31]

Mr. McEachern represented the State of Texas in the writ hearings in which Coleman committed perjury, as well as in the previous trials at which Coleman testified. If Mr. McEachern had represented the State in this case, he would have created the realistic potential for a conflict of interest. Although a district attorney's conflict of interest may not be a legal disqualification,[32] Mr McEachern appropriately asked to recuse himself to avoid the appearance of impropriety. He became disqualified to act in this case when the trial court

---

1984) ("In short, this case, with the facts taken at their worst against the Government, does not present the spectacle of a prosecutor's using the 'awful instruments of the criminal law' . . . for purpose of private gain and, although we consider the choice of Puccio as prosecutor to have been ill advised, we do not regard it as having deprived Wright of due process of law. At the very most, and the allegations scarcely go this far, it deprived him of the chance that, with another prosecutor, he might have undeservedly escaped indictment and consequent conviction for crimes of which he was properly found to be guilty."). Because the parties have never mentioned the standing issue or briefed it in the trial or appellate courts, we conclude that the State has forfeited this issue and decline to address it *sua sponte*.

[31] In this case, we need not address the very different issue of whether the trial court could have denied the newly elected district attorney's request to withdraw an attorney pro tem's appointment had he made such a request. He did not do so. *See State ex rel. Eidsen v. Edwards*, 793 S.W.2d 1, 5-7 (Tex. Crim. App. 1990) (recusal of district attorney is a matter solely within the discretion of the district attorney).

[32] See TEX. CODE CRIM. PROC. Arts. 2.07, 2.08; *see also State ex rel Eidson v. Edwards*, 793 S.W.2d at 6-7.

signed the order granting his recusal motion and appointing the attorneys pro tem.[33]

When the newly elected district attorney, Wally Hatch, took office and replaced Mr. McEachern, he did not have any conflict of interest with appellant. If he had wanted to do so, Mr. Hatch could have requested the trial court to terminate the appointment of the attorneys pro tem because he was the duly elected district attorney and was not disqualified from acting. But Mr. Hatch chose to have the attorneys pro tem continue to represent the State, presumably because they were ably handling the case and were prepared for the imminent trial. As the court of appeals noted, there is no evidence in the record that Mr. Hatch objected to the attorneys pro tem's actions in this case.[34]

Appellant, on the other hand, did object to the continued participation of the attorneys pro tem. The trial judge held a hearing to decide whether to modify his original order which explicitly directed the attorneys pro tem "to engage in any acts necessary to prosecute Coleman." That appointment order would, on its face, last as long as the "investigation" or "prosecution" of appellant lasted.[35] At the conclusion of the hearing, the trial judge denied appellant's motion.

---

[33] TEX. CODE CRIM. PROC. Arts. 2.07(b-1).

[34] *Coleman*, 2006 Tex. App. LEXIS 10155, at *5.

[35] *See Rosenbaum*, 852 S.W.2d at 526-58.

The decision not to modify the order appointing the attorneys pro tem was within the trial court's sound discretion and we will not disturb that decision absent an abuse of discretion.[36] Because (1) the new and non-disqualified district attorney had taken office only nine days prior to the start of trial; (2) the new district attorney did not object to allowing the attorneys pro tem to continue; (3) the two attorneys pro tem had spent over twenty-one months researching, investigating, and preparing this case for a trial that was then imminent; and (4) the trial would have occurred months earlier (during Mr. McEachern's tenure) but for the defense-requested continuances, we agree that the trial court did not err in allowing the trial to proceed with the attorneys pro tem representing the State.[37] Any other ruling would serve only to further delay the trial—increasing the chances of witness unavailability or memory failure, the disappearance of evidence, and a delay of justice for both appellant

---

[36]We review trial court's decision on a motion to substitute counsel under an abuse of discretion standard. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (stating "appellant has not shown that the trial court abused its discretion in refusing the motion to withdraw"); *Keys v. State*, 486 S.W.2d 958, 959 (Tex. Crim. App. 1972) (stating "appellant complains that the trial court committed error when it refused to grant his pro se motion to dismiss counsel. . . . No abuse of discretion has been shown."); *Carroll v. State*, 176 S.W.3d 249, 256-58 (Tex.App.—Houston [1st Dist.] 2004, pet. ref'd) (finding no abuse of discretion in denial of motion for appointment of substitute counsel); *Wenzy v. State*, 855 S.W.2d 47, 49 (Tex. App.—Houston [14th] 1993, pet. ref'd) ("The decision whether to permit a counsel to withdraw [is] within the trial court's sound discretion. . . . We will not disturb that decision absent an abuse of discretion."). As a motion to substitute counsel and a motion regarding the appointment or removal of an attorney pro tem are functionally equivalent, we review them under the same standard.

[37] *See Rosenbaum*, 852 S.W.2d at 528.

and the community.[38]

Furthermore, appellant has neither alleged nor shown that his rights were in any way adversely affected by the trial court's decision to have the attorneys pro tem continue to represent the State of Texas through the trial stage of this criminal proceeding.[39]

We hold that, in this case, the trial judge was not required to replace the attorneys pro tem in a case that was set for trial ten days after the new district attorney's investiture. Appellant has failed to show that the trial court abused its discretion or that he suffered any harm as a result of the trial court's action. We therefore affirm the judgment of the court of appeals.

Delivered:  February 6, 2008

Publish

---

[38] *See Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (stating that "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."); *Green*, 840 S.W.2d at 408 (trial court did not abuse its discretion in refusing to allow defense counsel to withdraw shortly before beginning of capital-murder trial; "the right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice.").

[39] TEX. R. APP. P. 44.2(b).