

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-10-00205-CR

RAY BOYD ASHLOCK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 20222

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Ray Boyd Ashlock's community supervision has been revoked on the motion of, and prosecution by, the office of Richard Glaser, the elected Criminal District Attorney for Fannin County. Appealing the revocation and resulting sentence, Ashlock complains that Glaser's office was not authorized to prosecute the revocation. We affirm the trial court's judgment, because (1) the Fannin County Criminal District Attorney was authorized to represent the State, (2) the trial court was not required to memorialize its ruling in writing, and (3) Ashlock failed to show harm.

Some history is needed to understand the situation presenting itself. After Ashlock was charged with first degree felony theft in 2001, the standing prosecutor at the time, Fannin County Attorney Myles Porter, recused himself and his office; and the trial court named Joel Durrett as "the prosecutor pro tem in this cause."[1] Ashlock was ultimately convicted and sentenced to ten years' confinement. Several months after entry of judgment, Ashlock's sentence was probated and he was placed on community supervision for a period of ten years.

In 2007, while Ashlock was on community supervision, the Texas Legislature created the office of the Criminal District Attorney of Fannin County, effective January 1, 2008. *See* TEX. GOV'T CODE ANN. § 44.174 (Vernon Supp. 2010). When Ashlock was arrested for shoplifting in

---

[1] The motion for appointment of an attorney did not cite a reason for the recusal, but merely stated:

> COMES NOW, Myles Porter, County Attorney for Fannin County, Texas, and pursuant to Article 2.07 CCP [Code of Criminal Procedure], requests the Court to permit he and his office to recuse themselves in the above styled and numbered causes [sic] and asks the Court to appoint an attorney from outside this office to prosecute this case.

Durrett was the assistant district attorney for Grayson County.

2

August 2010, Glaser moved to revoke Ashlock's community supervision. Ashlock objected to the participation of the Fannin County Criminal District Attorney, based on the ongoing appointment of the prosecutor pro tem. The trial court overruled Ashlock's objection and permitted the Fannin County Criminal District Attorney to represent the State at the revocation hearing. The trial court granted the State's motion to revoke and sentenced Ashlock to ten years' confinement.

Because there is no written motion seeking to vacate the order appointing the attorney pro tem and no written order granting same, we examine the record of the related proceedings. Both the State and Ashlock presented arguments regarding the continued representation of the State by the attorney pro tem. The district attorney requested the trial court to withdraw the order appointing the attorney pro tem, in that the district attorney's predecessor voluntarily recused. The district attorney stated, "I do not operate under the same disqualification that my predecessor did and do not wish to be recused." Ashlock maintained that the order of appointment was not limited in time and that the attorney pro tem was appointed for all proceedings in this matter and is responsible for the complete prosecution of the cause, including any revocation procedures. According to Ashlock, once the original prosecutor was disqualified, the attorney pro tem was the only person who could then prosecute the action.

In response, the State argued that there is no longer a conflict. The previous attorney "had a friendship and he voluntarily recused himself." The present Criminal District Attorney's

3

office "does not continue with that same conflict."

The trial court took judicial notice that "Joel Durrett remains an assistant district attorney over in the Grayson County District Attorney's Office."[2]  The trial court's ruling authorized

the current district attorney to rescind any previous recusals that had been requested by Myles Porter who served as County attorney.  The duties of the prosecution of this case will then be in the Fannin County Criminal District Attorney's Office and we'll proceed at this time, having addressed those issues.

*(1)*     *The Fannin County Criminal District Attorney Was Authorized to Represent the State*

The appointment of attorneys pro tem is governed by Article 2.07 of the Texas Code of

Criminal Procedure:

Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

TEX. CODE CRIM. PROC. ANN. art. 2.07 (Vernon 2005).  When a prosecutor voluntarily recuses, as

in this case, he or she is deemed to be disqualified under the statute.  *Coleman v. State*, 246

S.W.3d 76, 81 (Tex. Crim. App. 2008).[3]  The attorney appointed after such a recusal is called an

---

[2]Sadly, the appointed prosecutor pro tem was later shown to have passed away.  This revelation played no part in the controversy as the trial court's notation for the record establishes that the prosecutor pro tem was alive at the time of the ruling.

[3]Even one who is not legally disqualified may request to be recused from a case and replaced with a different attorney in order to avoid even the appearance of impropriety.  *Coleman*, 246 S.W.3d at 81.  Alternatively, a prosecutor may

4

attorney pro tem, and "stands in the place of the regular attorney for the state and performs all the duties the state attorney would have performed under the terms of the appointment." *Id.* at 82.

The decision to modify an order appointing an attorney pro tem is within the sound discretion of the trial court, and it will not be disturbed absent an abuse of discretion. *Id.* at 85. A trial court abuses its discretion when it acts arbitrarily and unreasonably. *Reynolds v. State*, 227 S.W.3d 355, 371 (Tex. App.—Texarkana 2007, no pet.). As long as a court's ruling is within the zone of reasonable disagreement, it will not be disturbed on appeal. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001). In short, the trial court is given a "limited right to be wrong," as long as the result is not reached in an arbitrary or capricious manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

Ashlock maintains that, once an attorney pro tem is appointed, the case must be handled to conclusion by the attorney pro tem. Ashlock relies on *Coleman* in support of this position. But *Coleman* stands for the proposition that a prosecutor pro tem cannot be forced out by a defendant just because the prior conflict has ceased. It does not support Ashlock's position.

In *Coleman*, the defendant was charged with aggravated perjury based on his testimony in a prior trial and in other hearings. *Coleman*, 246 S.W.3d at 79–80. The prosecutor voluntarily recused himself from the perjury case because of the potential that he might be called as a witness. *Id.* at 80. The court granted the recusal and appointed two prosecutors pro tem. *Id.* Shortly

choose to recuse to protect against a violation of the Rules of Professional Conduct. *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 6 (Tex. Crim. App. 1990).

before trial, a new district attorney was elected and took office. Coleman sought to remove the prosecutors pro tem, claiming that the newly elected district attorney was qualified and not conflicted, and therefore was the only person who should prosecute the case. *Id.* The high criminal court disagreed. In upholding the continuation of the State's representation by the attorneys pro tem, the court stated:

> When the newly elected district attorney, Wally Hatch, took office and replaced Mr. McEachern, he did not have any conflict of interest with appellant. If he had wanted to do so, Mr. Hatch could have requested the trial court to terminate the appointment of the attorneys pro tem because he was the duly elected district attorney and was not disqualified from acting. But Mr. Hatch chose to have the attorneys pro tem continue to represent the State, presumably because they were ably handling the case and were prepared for the imminent trial. As the court of appeals noted, there is no evidence in the record that Mr. Hatch objected to the attorneys pro tem's actions in this case.

*Id.* at 85.

Ashlock maintains that, as in *Coleman*, the Criminal District Attorney in this case made no request to the trial court to terminate the appointment of the attorney pro tem and that order, without time limitations, continued in effect. It is true that no *written* request to terminate the appointment of the attorney pro tem is found in this record. The record does reveal, however, that the Criminal District Attorney for Fannin County orally asked the trial court specifically to rescind the order appointing the attorney pro tem. Even though this request was not presented in the form of a written motion, it was nevertheless presented to the trial court, as reflected in the record.

An attorney pro tem shall continue to prosecute the case during the period of

6

disqualification of the attorney for the State.   TEX. CODE CRIM. PROC. ANN. art. 2.07(a).   Ashlock

complains that, because the record does not indicate the period of disqualification was over, the

trial court erred in permitting the Criminal District Attorney to represent the State at the revocation

hearing.   This contention is based on the assertions that there is no record evidence reflecting the

reasons the original prosecuting attorney recused himself and his office and that those reasons

were now abated.

Here, the Fannin County Criminal District Attorney had the right to request that the recusal

be rescinded.   *See Coleman*, 246 S.W.3d at 85.   In *Coleman*, the elected district attorney was

entitled to make the request because he was the duly elected district attorney and was not

disqualified from acting.   *Id.*   Here, Glaser was the duly elected district attorney.   Nevertheless,

in order to show that his predecessor's recusal (and that of his office) should be rescinded, it should

have appeared that Glaser was not disqualified from acting, that is, that the reasons for the original

recusal of his predecessor must no longer pertain.   The only reference in the record to the recusal

is found in Glaser's statement to the trial court:

> We'd ask the Court withdraw that [pro tem] order and rescind it based on the
> purpose for which the appointment was made was a voluntary recusal by my
> predecessor when the office was a county attorney. . . . I do not operate under the
> same disqualification that my predecessor did and do not wish to be recused.   In
> this case, I believe the anticipation of the disqualification of Mr. Porter was that he
> had a friendship and he voluntarily recused himself, and that was within his
> authority.   There wasn't any other conflict involved.   The office does not
> continue with the same conflict, even though I'm aware of and know of and have
> done business with [Ashlock], but I do not perceive this to be that my office would

7

be conflicted out from Mr. Ashlock's case as with any other businessman that was in town that we did business with. . . .

The trial court apparently relied on Glaser's representations regarding the reason for the recusal and suggesting that Glaser and his office did not share the conflict of "friendship" with Ashlock,[4] but merely "did business" with him. Ashlock claims this statement is not evidence in the formal sense, and we agree. *See White v. State*, 982 S.W.2d 642 (Tex. App.—Texarkana 1998, pet. ref'd). In certain circumstances, however, unsworn statements of counsel may be relied on by the court. *See, e.g.*, *Goode v. Shoukfeh*, 943 S.W.2d 441, 451 (Tex. 1997) (unsworn statements of counsel offered to explain why peremptory challenges exercised); *Parra v. State*, 935 S.W.2d 862, 868 n.1 (Tex. App.—Texarkana 1996, pet. ref'd) (nonevidence introduced and considered by court without objection during *Batson*[5] hearing becomes evidence).

Moreover, we recognize that counsel has a duty of candor as an officer of the court and that the trial court was entitled to rely on the fulfillment of that duty. *See Hartsell v. State*, 143 S.W.3d 233, 234 (Tex. App.—Waco 2004, no pet.). "Reliance on counsel's statements is justified by Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct which forbids a lawyer from making a false statement of material fact to a tribunal. . . ." *United States Gov't v. Marks*, 949 S.W.2d 320, 327 (Tex. 1997). Given the ethical canons' requirement of candor and the acceptance of unsworn statements of counsel in other types of proceedings, we conclude that the

---

[4]Glaser did not specifically state Porter's friendship was with Ashlock, but this is implied in his statement to the trial court. In any event, Glaser stated that neither he nor his office was conflicted in this case.

[5]*Batson v. Kentucky*, 476 U.S. 79 (1986).

8

trial court was entitled to rely on Glaser's representations that no conflict or reason for recusal remained. The trial court, therefore, acted within its discretion in determining that the Fannin County Criminal District Attorney could represent the State in the revocation hearing.[6]

*(2)    The Trial Court Was Not Required to Memorialize Its Ruling in Writing*

Next, Ashlock contends that, because no order was entered which permitted anyone but the attorney pro tem to represent the State, the Criminal District Attorney for Fannin County was not entitled to usurp that role. The record herein contains neither a written order rescinding the appointment of the attorney pro tem nor one substituting counsel.

Article 2.07 of the Texas Code of Criminal Procedure, which controls the procedures for the appointment of an attorney pro tem, does not set forth a procedure for the removal of pro tem counsel. No written order of appointment is explicitly required. The pertinent language merely calls for the court to "appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state." TEX. CODE CRIM. PROC. ANN. art. 2.07(a). While a written order is certainly the preferred practice, we are not directed to

---

[6]It is also worth noting that elected officials, such as a district attorney, enjoy a special status linked to their election by the voters and that such an official has a right to serve in that office—short of a due process violation—unless statutorily decreed procedures are followed to remove him or her from office. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 211 n.15 (Tex. Crim. App. 2007); *Edwards*, 793 S.W.2d at 4–5. This conclusion is supported by the protected nature of elected office in general and that of a district attorney in particular. Because a district attorney's office is "constitutionally created and protected," his or her authority "cannot be abridged or taken away." *Landers v. State*, 256 S.W.3d 295, 303–04 (Tex. Crim. App. 2008) (quoting *Edwards*, 793 S.W.2d at 4). "A trial court may not disqualify a district attorney or his staff on the basis of a conflict of interest that does not rise to the level of a due-process violation." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex. Crim. App. 1994). With no such violation or disqualification of the present district attorney appearing in the record, the trial court acted in accordance with this protected status in restoring the duties of office in this case.

9

caselaw which suggests or requires that the order of appointment or the grant of a motion to rescind a recusal under Article 2.07 be in writing.

The failure to enter a written order either rescinding the State's recusal or otherwise revoking the order appointing the attorney pro tem can cause confusion, especially if reference is made only to the clerk's record. Here, however, the trial court granted the motion to rescind the recusal in open court on the record. There can be no question regarding the trial court's ruling. We will not reverse the judgment of the trial court merely because the grant of the State's oral motion to rescind was not memorialized in writing.

*(3)* *Ashlock Failed to Show Harm*

While we have found no error, we note that, even if we were to determine that the trial court erred in rescinding the recusal of the prior prosecutor, any such error must be disregarded unless it affected Ashlock's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Coleman*, 346 S.W.3d at 85–86. Ashlock has neither alleged nor shown that his rights were adversely affected by the trial court's decision to permit the Fannin County Criminal District Attorney to represent the State in the revocation hearing.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:       May 5, 2011

10

Date Decided:          May 10, 2011

Do Not Publish