In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00205-CR

                                                ______________________________

 

 

                                    RAY BOYD ASHLOCK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 20222

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Ray Boyd
Ashlock’s community supervision has been revoked on the motion of, and
prosecution by, the office of Richard Glaser, the elected Criminal District
Attorney for Fannin County.  Appealing
the revocation and resulting sentence, Ashlock complains that Glaser’s office was
not authorized to prosecute the revocation. 
We affirm the trial court’s judgment, because (1) the Fannin County
Criminal District Attorney was authorized to represent the State, (2) the trial
court was not required to memorialize its ruling in writing, and (3) Ashlock
failed to show harm.

            Some history
is needed to understand the situation presenting itself.  After Ashlock was charged with first degree
felony theft in 2001, the standing prosecutor at the time, Fannin County
Attorney Myles Porter, recused himself and his office; and the trial court
named Joel Durrett as “the prosecutor pro tem in this cause.”[1]  Ashlock was ultimately convicted and
sentenced to ten years’ confinement. 
Several months after entry of judgment, Ashlock’s sentence was probated
and he was placed on community supervision for a period of ten years. 

            In 2007,
while Ashlock was on community supervision, the Texas Legislature created the
office of the Criminal District Attorney of Fannin County, effective January 1,
2008.  See Tex. Gov’t Code Ann. § 44.174 (Vernon Supp. 2010).  When Ashlock was arrested for shoplifting in
August 2010, Glaser moved to revoke Ashlock’s community supervision.  Ashlock objected to the participation of the
Fannin County Criminal District Attorney, based on the ongoing appointment of
the prosecutor pro tem. The trial
court overruled Ashlock’s objection and permitted the Fannin County Criminal
District Attorney to represent the State at the revocation hearing.  The trial court granted the State’s motion to
revoke and sentenced Ashlock to ten years’ confinement.  

            Because
there is no written motion seeking to vacate the order appointing the attorney
pro tem and no written order granting same, we examine the record of the
related proceedings.  Both the State and
Ashlock presented arguments regarding the continued representation of the State
by the attorney pro tem.  The district
attorney requested the trial court to withdraw the order appointing the
attorney pro tem, in that the district attorney’s predecessor voluntarily
recused.  The district attorney stated,
“I do not operate under the same disqualification that my predecessor did and
do not wish to be recused.”  Ashlock maintained
that the order of appointment was not limited in time and that the attorney pro
tem was appointed for all proceedings in this matter and is responsible for the
complete prosecution of the cause, including any revocation procedures.  According to Ashlock, once the original
prosecutor was disqualified, the attorney pro tem was the only person who could
then prosecute the action.  

             In response, the State argued that there is no
longer a conflict.  The previous attorney
“had a friendship and he voluntarily recused himself.”  The present Criminal District Attorney’s
office “does not continue with that same conflict.”  

 

            The trial
court took judicial notice that “Joel Durrett remains an assistant district
attorney over in the Grayson County District Attorney’s Office.”[2]  The trial court’s ruling authorized

the current district attorney to rescind any previous
recusals that had been requested by Myles Porter who served as County
attorney.  The duties of the prosecution
of this case will then be in the Fannin County Criminal District Attorney’s
Office and we’ll proceed at this time, having addressed those issues.

 

(1)        The Fannin County Criminal District
Attorney Was Authorized to Represent the State

 

            The appointment of attorneys
pro tem is governed by Article 2.07 of the Texas Code of Criminal Procedure:

Whenever an attorney for the state is
disqualified to act in any case or proceeding, is absent from the county or
district, or is otherwise unable to perform the duties of his office, or in any
instance where there is no attorney for the state, the judge of the court in
which he represents the state may appoint any competent attorney to perform the
duties of the office during the absence or disqualification of the attorney for
the state.

 

Tex.
Code Crim. Proc. Ann. art. 2.07 (Vernon 2005).  When a prosecutor voluntarily recuses, as in
this case, he or she is deemed to be disqualified under the statute.  Coleman
v. State, 246 S.W.3d 76, 81 (Tex. Crim. App. 2008).[3]  The attorney appointed after such a recusal is
called an attorney pro tem, and “stands in the place of the regular attorney
for the state and performs all the duties the state attorney would have
performed under the terms of the appointment.” 
Id. at 82.

            The decision
to modify an order appointing an attorney pro tem is within the sound
discretion of the trial court, and it will not be disturbed absent an abuse of
discretion.  Id. at 85.  A trial court
abuses its discretion when it acts arbitrarily and unreasonably.  Reynolds
v. State, 227 S.W.3d 355, 371 (Tex. App.—Texarkana 2007, no pet.).  As long as a court’s ruling is within the
zone of reasonable disagreement, it will not be disturbed on appeal.  Salazar
v. State, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001).  In short, the trial court is given a “limited
right to be wrong,” as long as the result is not reached in an arbitrary or
capricious manner.  Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

            Ashlock
maintains that, once an attorney pro tem is appointed, the case must be handled
to conclusion by the attorney pro tem. 
Ashlock relies on Coleman in
support of this position.  But Coleman stands for the proposition that
a prosecutor pro tem cannot be forced out by a defendant just because the prior
conflict has ceased.  It does not support
Ashlock’s position.

            In Coleman, the defendant was charged with
aggravated perjury based on his testimony in a prior trial and in other
hearings.  Coleman, 246 S.W.3d at 79–80.  The prosecutor voluntarily recused himself
from the perjury case because of the potential that he might be called as a
witness.  Id. at 80.  The court granted
the recusal and appointed two prosecutors pro tem.  Id.  Shortly before trial, a new district
attorney was elected and took office. 
Coleman sought to remove the prosecutors pro tem, claiming that the
newly elected district attorney was qualified and not conflicted, and therefore
was the only person who should prosecute the case.  Id.  The high criminal court disagreed.  In upholding the continuation of the State’s
representation by the attorneys pro tem, the court stated:

When the newly elected district attorney, Wally
Hatch, took office and replaced Mr. McEachern, he did not have any conflict of
interest with appellant.  If he had
wanted to do so, Mr. Hatch could have requested the trial court to terminate
the appointment of the attorneys pro tem because he was the duly elected
district attorney and was not disqualified from acting.  But Mr. Hatch chose to have the attorneys pro
tem continue to represent the State, presumably because they were ably handling
the case and were prepared for the imminent trial.  As the court of appeals noted, there is no
evidence in the record that Mr. Hatch objected to the attorneys pro tem’s
actions in this case.

 

Id. at 85.

 

            Ashlock
maintains that, as in Coleman, the
Criminal District Attorney in this case made no request to the trial court to
terminate the appointment of the attorney pro tem and that order, without time
limitations, continued in effect.  It is
true that no written request to
terminate the appointment of the attorney pro tem is found in this record.  The record does reveal, however, that the
Criminal District Attorney for Fannin County orally asked the trial court
specifically to rescind the order appointing the attorney pro tem.  Even though this request was not presented in
the form of a written motion, it was nevertheless presented to the trial court,
as reflected in the record.

            An attorney
pro tem shall continue to prosecute the case during the period of
disqualification of the attorney for the State. 
Tex. Code Crim. Proc. Ann.
art. 2.07(a).  Ashlock complains that,
because the record does not indicate the period of disqualification was over,
the trial court erred in permitting the Criminal District Attorney to represent
the State at the revocation hearing. 
This contention is based on the assertions that there is no record
evidence reflecting the reasons the original prosecuting attorney recused
himself and his office and that those reasons were now abated.

            Here, the
Fannin County Criminal District Attorney had the right to request that the
recusal be rescinded.  See Coleman, 246 S.W.3d at 85.  In Coleman,
the elected district attorney was entitled to make the request because he was
the duly elected district attorney and was not disqualified from acting.  Id.  Here, Glaser was the duly elected district
attorney.  Nevertheless, in order to show
that his predecessor’s recusal (and that of his office) should be rescinded, it
should have appeared that Glaser was not disqualified from acting, that is,
that the reasons for the original recusal of his predecessor must no longer
pertain.  The only reference in the
record to the recusal is found in Glaser’s statement to the trial court:

We’d ask the Court withdraw that [pro tem] order
and rescind it based on the purpose for which the appointment was made was a
voluntary recusal by my predecessor when the office was a county attorney. . .
. I do not operate under the same disqualification that my predecessor did and
do not wish to be recused.  In this case,
I believe the anticipation of the disqualification of Mr. Porter was that he
had a friendship and he voluntarily recused himself, and that was within his
authority.  There wasn’t any other
conflict involved.  The office does not
continue with the same conflict, even though I’m aware of and know of and have
done business with [Ashlock], but I do not perceive this to be that my office
would be conflicted out from Mr. Ashlock’s case as with any other businessman
that was in town that we did business with. . . . 

 

            The trial
court apparently relied on Glaser’s representations regarding the reason for
the recusal and suggesting that Glaser and his office did not share the
conflict of “friendship” with Ashlock,[4]
but merely “did business” with him. 
Ashlock claims this statement is not evidence in the formal sense, and
we agree.  See White v. State, 982 S.W.2d 642 (Tex. App.—Texarkana 1998, pet.
ref’d).  In certain circumstances,
however, unsworn statements of counsel may be relied on by the court.  See,
e.g., Goode v. Shoukfeh, 943
S.W.2d 441, 451 (Tex. 1997) (unsworn statements of counsel offered to explain
why peremptory challenges exercised); Parra
v. State, 935 S.W.2d 862, 868 n.1 (Tex. App.—Texarkana 1996, pet. ref’d)
(nonevidence introduced and considered by court without objection during Batson[5]
hearing becomes evidence).

            Moreover,
we recognize that counsel has a duty of candor as an officer of the court and
that the trial court was entitled to rely on the fulfillment of that duty.  See Hartsell
v. State, 143 S.W.3d 233, 234 (Tex. App.—Waco 2004, no pet.).  “Reliance on counsel’s statements is
justified by Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct
which forbids a lawyer from making a false statement of material fact to a
tribunal. . . .”  United States Gov’t v. Marks, 949 S.W.2d 320, 327 (Tex. 1997).  Given the ethical canons’ requirement of
candor and the acceptance of unsworn statements of counsel in other types of
proceedings, we conclude that the trial court was entitled to rely on Glaser’s
representations that no conflict or reason for recusal remained.  The trial court, therefore, acted within its
discretion in determining that the Fannin County Criminal District Attorney
could represent the State in the revocation hearing.[6]

(2)        The Trial Court Was Not Required to Memorialize
Its Ruling in Writing

 

            Next,
Ashlock contends that, because no order was entered which permitted anyone but the attorney pro tem
to represent the State, the Criminal District Attorney for Fannin County was
not entitled to usurp that role.  The
record herein contains neither a written order rescinding the appointment of
the attorney pro tem nor one substituting counsel.

            Article 2.07
of the Texas Code of Criminal Procedure, which controls the procedures for the
appointment of an attorney pro tem, does not set forth a procedure for the
removal of pro tem counsel.  No written
order of appointment is explicitly required. 
The pertinent language merely calls for the court to “appoint any
competent attorney to perform the duties of the office during the absence or
disqualification of the attorney for the state.”  Tex.
Code Crim. Proc. Ann. art. 2.07(a). 
While a written order is certainly the preferred practice, we are not
directed to caselaw which suggests or requires that the order of appointment or
the grant of a motion to rescind a recusal under Article 2.07 be in
writing.  

            The failure
to enter a written order either rescinding the State’s recusal or otherwise
revoking the order appointing the attorney pro tem can cause confusion,
especially if reference is made only to the clerk’s record.  Here, however, the trial court granted the
motion to rescind the recusal in open court on the record.  There can be no question regarding the trial
court’s ruling.  We will not reverse the
judgment of the trial court merely because the grant of the State’s oral motion
to rescind was not memorialized in writing.

(3)        Ashlock
Failed to Show Harm

 

            While we
have found no error, we note that, even if we were to determine that the trial
court erred in rescinding the recusal of the prior prosecutor, any such error
must be disregarded unless it affected Ashlock’s substantial rights.  See Tex. R. App. P. 44.2(b); Coleman, 346 S.W.3d at 85–86.  Ashlock has neither alleged nor shown that
his rights were adversely affected by the trial court’s decision to permit the
Fannin County Criminal District Attorney to represent the State in the
revocation hearing.

            We affirm
the judgment of the trial court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          May
5, 2011    

Date Decided:             May
10, 2011

 

Do Not Publish

 











[1]The
motion for appointment of an attorney did not cite a reason for the recusal,
but merely stated:

 

COMES NOW, Myles Porter,
County Attorney for Fannin County, Texas, and pursuant to Article 2.07 CCP
[Code of Criminal Procedure], requests the Court to permit he and his office to
recuse themselves in the above styled and numbered causes [sic] and asks the
Court to appoint an attorney from outside this office to prosecute this case.

 

Durrett was the assistant district attorney for Grayson
County. 





[2]Sadly,
the appointed prosecutor pro tem was later shown to have passed away.  This revelation played no part in the
controversy as the trial court’s notation for the record establishes that the
prosecutor pro tem was alive at the time of the ruling.  

 





[3]Even
one who is not legally disqualified may request to be recused from a case and
replaced with a different attorney in order to avoid even the appearance of
impropriety.  Coleman, 246 S.W.3d at 81. 
Alternatively, a prosecutor may choose to recuse to protect against a
violation of the Rules of Professional Conduct. 
State ex rel. Eidson v. Edwards,
793 S.W.2d 1, 6 (Tex. Crim. App. 1990).





[4]Glaser
did not specifically state Porter’s friendship was with Ashlock, but this is
implied in his statement to the trial court. 
In any event, Glaser stated that neither he nor his office was
conflicted in this case.

 





[5]Batson v. Kentucky, 476 U.S. 79 (1986).






[6]It
is also worth noting that elected officials, such as a district attorney, enjoy
a special status linked to their election by the voters and that such an
official has a right to serve in that office—short of a due process
violation—unless statutorily decreed procedures are followed to remove him or
her from office.  See State ex rel. Young v.
Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 211 n.15
(Tex. Crim. App. 2007); Edwards, 793
S.W.2d at 4–5.  This conclusion is
supported by the protected nature of elected office in general and that of a
district attorney in particular.  Because
a district attorney’s office is “constitutionally created and protected,” his
or her authority “cannot be abridged or taken away.”  Landers v. State, 256 S.W.3d 295, 303–04 (Tex.
Crim. App. 2008) (quoting Edwards,
793 S.W.2d at 4).  “A trial court may not
disqualify a district attorney or his staff on the basis of a conflict of
interest that does not rise to the level of a due-process violation.”  State ex rel. Hill v. Pirtle, 887 S.W.2d 921, 927 (Tex. Crim.
App. 1994).  With no such violation or
disqualification of the present district attorney appearing in the record, the
trial court acted in accordance with this protected status in restoring the
duties of office in this case.