

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

January 18, 2017

Mr. Rick Dollahan
Gaines County Auditor
Post Office Box 847
Seminole, Texas 79360

Opinion No. KP-0130

Re: Whether a county attorney who is appointed to serve as a special prosecutor may be paid additional compensation (RQ-0120-KP)

Dear Mr. Dollahan:

You ask whether a county attorney who is appointed by a district attorney to serve as a special prosecutor may be paid additional compensation.[1] You inform us that you received a letter from the District Attorney for the 106th Judicial District directing payment of $500 to the Gaines County Attorney for services rendered on July 1, 2016 as a "special prosecutor" representing the State in various Gaines County district court proceedings. Request Letter at 1. You further state that the district attorney, not the court, appointed the county attorney to serve as a special prosecutor. *Id.* You inform us that the county attorney believes that he is not entitled to the payment, but the district attorney disagrees. *Id.* at 2.

Article 2.02 of the Code of Criminal Procedure sets forth duties of a county attorney:

> The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court.

TEX. CODE CRIM. PROC. art. 2.02. Article 2.02 imposes a duty on a county attorney to represent the State in criminal cases in district court, whether alone when the district attorney is absent, or in aid of the district attorney upon the district attorney's request. *Id.*; *see also* TEX. GOV'T CODE § 311.016(2) (stating the rule of statutory construction that the word "'shall' imposes a duty" unless context necessarily requires otherwise). However, a district or county attorney may not "take from any person a fee, article of value, compensation, reward, or gift . . . to prosecute a case that he is required by law to prosecute." TEX. GOV'T CODE § 41.004. Further, article III, section 53 of the Constitution prohibits the payment of "any extra compensation, fee or allowance to a public

---

[1]*See* Letter from Mr. Rick Dollahan, Gaines Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 21, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

officer, agent, servant or contractor, after service has been rendered." TEX. CONST. art. III, § 53. Thus, because a county attorney has a duty under article 2.02 of the Code of Criminal Procedure to represent the State in the district court of the county, the county attorney may not receive additional compensation for doing so.

You reference article 2.07 of the Code of Criminal Procedure. Request Letter at 2. Article 2.07 authorizes a court to appoint an attorney pro tem "[w]henever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office." TEX. CODE CRIM. PROC. art. 2.07(a). However, "if the appointed attorney is also an attorney for the state," the appointed attorney "is not entitled to additional compensation." *Id.* art. 2.07(b). Because a county attorney is an attorney for the State, a county attorney appointed under article 2.07(b) may not receive additional compensation for services as an attorney pro tem. *Id.* art. 2.07(b), (d); *see also* Tex. Att'y Gen. Op. No. JM-763 (1987) at 4 (determining that article 2.07 prevents a county attorney from receiving compensation as an appointed attorney for the State).

You also state that the district attorney specified that the county attorney should be compensated as a "special prosecutor." Request Letter at 1. The terms "attorney pro tem" and "special prosecutor" are sometimes used interchangeably, but the positions are fundamentally different. *Coleman v. State*, 246 S.W.3d 76, 82 n.19 (Tex. Crim. App. 2008) (distinguishing an article 2.07 attorney pro tem from a special prosecutor). While article 2.07 of the Code of Criminal Procedure governs the appointment of an attorney pro tem, a special prosecutor participates in a particular case at the request of the prosecuting attorney. *Id.* A district attorney possesses the authority to employ and compensate assistant prosecuting attorneys, but we are not aware of any statute that would permit the district attorney to provide additional compensation to a county attorney for performing a duty required by article 2.02 of the Code of Criminal Procedure. *See* TEX. GOV'T CODE §§ 41.102, .106 (stating a district attorney's authority to employ and fix the compensation of assistant prosecuting attorneys). Accordingly, a county attorney is not entitled to receive extra compensation for representing the State in a criminal matter in the county's district court at the request of the district attorney.

## S U M M A R Y

A county attorney is not entitled to receive extra compensation for representing the State in a criminal matter in the county's district court at the request of the district attorney.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee