**Abatement Order filed January 24, 2019.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00838-CR
_____

**JEREL CHINEDU IGBOJI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 16-DCR-072102**

## ABATEMENT ORDER

The State has filed a motion stating its District Attorney, Brian M. Middleton, represented appellant on appeal and has filed a brief on his behalf. The State asks us to appoint a district attorney pro tem.

Appointments of district attorneys pro tem are within the purview of the district court, not this court. *See* Tex. Code Crim. Proc. Ann. art. 2.07; *Coleman v. State*, 246 S.W.3d 76, 81 (Tex. Crim. App. 2008).

Accordingly, we order the judge of the 248th District Court to immediately conduct a hearing at which appellant, counsel for appellant, and counsel for the State shall be present to consider and rule on the State's request. The judge shall see that a record of the hearing is made, shall make any findings of fact and conclusions of law required by article 2.07 of the Texas Code of Criminal Procedure, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court by **February 28, 2019**.

In addition, Brian M. Middleton filed a brief on September 18, 2018, on appellant's behalf. Because Middleton is now the Fort Bend County District Attorney appellant is not currently represented by counsel. Accordingly, the case is abated and remanded to the trial court with instructions to permit Brian M. Middleton's withdrawal, and permit appellant to retain new counsel. The trial court is directed to include the new counsel's name and contact information in the supplemental clerk's record due on February 28, 2019.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the requested records are filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing by January 31, 2019, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.