STATE of Texas ex rel. Steven C. HILBIG, Criminal District Attorney, Bexar County, Texas, Relator,

v.

Honorable Terry McDONALD, Respondent.

No. 04–94–00213–CV.

Court of Appeals of Texas, San Antonio.

May 25, 1994.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for appellant.

James William Blagg, Charles Rubiola, Nelson Skinner, San Antonio, for appellee.

Before CHAPA, C.J., and LOPEZ and STONE, JJ.

LOPEZ, Justice.

Relator, the State of Texas ex rel. Steven C. Hilbig, Criminal District Attorney, Bexar County, Texas (hereinafter referred to as the State), seeks a writ of mandamus to declare void respondent Judge Terry McDonald's order of April 14, 1994 recusing the entire district attorney's office from representing the State in a hearing on Rogelio Gutierrez and Ersan Yurtman's motions for new trial and appointing a special prosecutor. The State further seeks a writ prohibiting the trial court from entering further orders recusing the Bexar County District Attorney's Office. Because the State has demonstrated it has no other remedy and has a clear right to the relief sought, we conditionally grant the petition for writ of mandamus. Insofar as the State seeks a writ of prohibition precluding the trial court from entering any future orders of recusal, that relief is denied.

*Background*

Defendants Rogelio Gutierrez and Ersan Yurtman were indicted for aggravated sexual

assault of a 14–year–old girl as part of her initiation into a local gang. Following a jury trial, defendants were each convicted and sentenced by the Honorable Terry McDonald to 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Shortly thereafter, the complaining witness went to the law office of Gutierrez's attorney and gave sworn affidavits stating that Gutierrez and Yurtman were innocent and that her testimony against them at trial had been coerced by the prosecuting attorneys. She alleged that she was threatened with being thrown into an adult jail, her testimony was written out for her, and she repeatedly told the prosecutors that the two defendants were not involved and that she wanted the charges to be dropped.

Gutierrez and Yurtman filed motions for new trial on a claim of newly-discovered evidence. Prior to the hearing on these motions, Gutierrez filed a motion entitled "Motion For Recusal of the Bexar County Criminal District Attorney, Stay Proceedings and For Appointment of a Special Prosecutor." The motion to recuse was supported by three affidavits given by the complaining witness. Gutierrez asserted that the entire Bexar County District Attorney's Office should be recused and a special prosecutor appointed because of alleged misconduct and violation of disciplinary rules by staff members. He also alleged that allowing the district attorney's office to retain control of the case would create a conflict of interest and would violate his rights as guaranteed by the "First, Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and corresponding provisions of the Texas Constitution."

At the recusal hearing, Judge McDonald admitted the complaining witness's affidavits for the limited purpose of establishing that the allegations contained therein had been made. Following argument by both sides, he ordered the district attorney and his entire office recused from representing the State at the hearing on the motions for new trial and named a special prosecutor to represent the State in that hearing. It is from this order that the State seeks relief.

### Requisites for Relief

There are two requisites for obtaining relief by writ of mandamus: (1) the party seeking mandamus must show that he has no other adequate remedy available, and (2) the act sought to be compelled must be a ministerial act. *State ex rel. Healey v. McMeans*, No. 71,715, slip op. at 2, 1994 WL 122831 (Tex.Crim.App., April 13, 1994); *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 423 (Tex. Crim.App.1990) (en banc). A ministerial act is one which is clearly compelled by the facts and legal authority extant in a given situation. *See Buntion v. Harmon*, 827 S.W.2d 945, 947–48 n. 2 (Tex.Crim.App.1992) (en banc). Moreover, a *theoretically* discretionary act may nonetheless become "ministerial" in *application* if the facts and circumstances of a given case lead to but one rational course of action. *See id.; Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex.Crim.App. 1991) (en banc) ("Mandamus will issue where there is but one proper order to be entered."). The court of criminal appeals also recognizes a "clear right to the relief sought" as being the "functional equivalent of a ministerial act." *Holmes v. Third Court of Appeals*, No. 71,764, n. 4 slip op. at 5, 1994 WL 135476 (Tex.Crim.App., April 20, 1994).

The parties agree that the State has no right of appeal in this matter and its only remedy is to seek mandamus relief. Thus, we focus our attention on the second prong: whether, under the facts and circumstances of this case, the only proper order to be entered was a denial of the motion to recuse.

### Who may recuse whom?

The State urges that Judge McDonald had no authority to grant the motion to recuse; the decision to recuse rests solely with the district attorney. The State relies for this proposition on the plurality opinion of the court of criminal appeals in *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1 (Tex.Crim. App.1990) (4–4–1 decision) (opinion on reh'g). *Eidson* is of uncertain precedential value. Judge White, in the opinion of the court, noted that a trial court cannot remove a district attorney from office except under statutorily defined circumstances after a trial

by jury. *Id.* at 4–5. He also stated that disqualification of an entire district attorney's office constructively removes the district attorney from his elected office with respect to that case. *Id.* at 4. Thus, a trial court may only remove a district attorney for statutory reasons following a trial by jury. *Id.* at 5. Judge White concluded that the responsibility of recusal lies with the district attorney, not the trial court. *Id.* at 6.

Judge Berchelmann, in a concurring opinion joined by three other judges, agreed with the ultimate conclusion reached by Judge White, but disagreed that removal of a district attorney from a particular case is tantamount to removing him from his elected office. *Id.* at 7 (Berchelmann, J., concurring). Judge Teague dissented, stating that disqualification of the district attorney's office was within the trial court's authority and the court had not abused its discretion. *Id.* at 9, 10 (Teague, J., dissenting).

We need not determine whether Judge White's opinion in *Eidson* is binding precedent on the authority of a trial court to disqualify a district attorney's office in a particular case. Nor must we determine whether a trial court generally has the authority to order such a disqualification. Even if a trial court theoretically has such discretion, application of the law of disqualification to the facts of the case before us leads to only one rational course of action. *See Buntion v. Harmon*, 827 S.W.2d at 947–48 n. 2.

"Disqualification is a severe remedy." *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex.1990, orig. proceeding); *see also NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex.1989, orig. proceeding).

> Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard.

*Spears v. Fourth Court of Appeals*, 797 S.W.2d at 656 (citation omitted); *see also NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d at 400.

In the present case, Gutierrez produced three affidavits given by the complaining witness to support his claim that the district attorney's office should be disqualified. These affidavits were admitted, however, solely to show that allegations of misconduct had been made. They were not admitted as proof of the substance of the allegations:

> THE COURT: Well, I think your [hearsay] objection is well taken. But, I am going to admit them for the limited purpose of showing that the allegation was made, and not for the truth thereof.

The complaining witness did not testify and no further evidence of disqualification was offered.

Judge McDonald granted the motion to recuse the district attorney's office from participating at the motion for new trial hearing "[p]rimarily, in the interest of the victim, and also in the interest of the attorneys that participated in the prosecution of the case." He also stated:

> I am concerned about, if I do not grant the motion, they will, if exonerated at a hearing on Motion for New Trial, and there is a finding made denying the Motion for New Trial, alleg[e] that the district attorney investigated their own office and it was some sort of cover-up and protection of employees.
>
> I think I owe it to those attorneys and to the victim to appoint somebody that is independent of the district attorney's office to participate in the Motion for New Trial. And I am going to so order and the motion will be granted.
>
> . . . .
>
> I mean, allegations are looming over the head[s] of two prosecutors who have a right to have this matter resolved and not dragged out. And that was another one of my concerns. If we don't do it now, with an independent prosecutor, I can see an endless series of writs, both in state and federal court, that will keep these allegations alive for an extended period of time. And I want to make it clear, Mr. Thornberry, I am not making any determination of merit or truth and veracity of this victim's statements. That will be decided another day.

It is clear, both from the record before the trial court and from the judge's comments, that Judge McDonald granted the motion to recuse not because he found that the district attorney's office had, in fact, committed any misconduct, but simply because allegations of misconduct had been made. Gutierrez simply did not bring forth any evidence to establish grounds sufficient to disqualify or recuse the district attorney in this case. Mere allegations of wrongdoing will not suffice. *See Spears v. Fourth Court of Appeals,* 797 S.W.2d at 656.

This Court is cognizant of its duty, and the duty of the trial courts, to uphold the state and federal constitutions and the due process rights contained therein. It is clear from our record that Judge McDonald was making a good faith effort to do just that. He expressed his concern for the rights of everyone involved and also expressed his desire to protect the district attorney's office from even the appearance of impropriety. While his intentions were no doubt appropriate, he simply did not have the required evidence before him upon which he could have entered an order of recusal. For this reason, there was only one proper order to be entered and the State has demonstrated a clear right to relief.

We note that the district attorney has at his disposal the power to recuse himself and his office in an appropriate case. Indeed, it appears that the Bexar County District Attorney recently recused his office from the prosecution of Delores Markee in case number 93–CR–1855, styled *The State of Texas v. Delores Markee,* because ethical problems might arise from the possibility that members of the district attorney's staff would be called as witnesses. We do not presume to tell the district attorney what to do in the present case, but the opportunity remains for the district attorney to determine whether this, too, is an appropriate case in which to voluntarily recuse his office and seek the appointment of a special prosecutor. If the district attorney does not choose to recuse his office, Gutierrez and Yurtman may raise the propriety of that decision on direct appeal or by any other appropriate method available to them. Finally, if Gutierrez, Yurtman, or the complaining witness wish to pursue allegations of prosecutorial misconduct, they may do so through the State Bar of Texas. *See State ex rel. Eidson v. Edwards,* 793 S.W.2d at 7.

We conditionally grant the petition for writ of mandamus. Because of the unusual circumstances surrounding this case and the procedural deadlines facing both parties, we take the unusual step of setting a deadline of our own. The writ will issue only if the trial court does not vacate its order of recusal and appointment of a special prosecutor by 5:00 p.m. on Friday, May 27, 1994. We are confident that the trial court will act within this timeframe. The petition for a writ of prohibition is denied.