

IN THE
TENTH COURT OF APPEALS

————————————

No. 10-12-00206-CR

JIMMY LEE EGGINS,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

————————————

From the 87th District Court
Freestone County, Texas
Trial Court No. 11-090-CR

MEMORANDUM OPINION

Jimmy Lee Eggins appeals from his conviction for unlawful restraint. Tex. Pen. Code Ann. § 20.02 (West 2011). The jury found two enhancement paragraphs to be true, and Eggins was sentenced to thirty years in prison. Eggins complains that he did not receive proper notice of the State's intention to seek a deadly weapon finding and therefore the deadly weapon finding should be deleted from the judgment because the notice was filed by a disqualified district attorney which renders the notice void. Because we find no reversible error, we affirm the judgment of the trial court.

*Procedural History and Relevant Facts*

Eggins was indicted by a grand jury on June 29, 2011. On May 2, 2012, less than three weeks before trial, Eggins filed a motion to recuse the district attorney claiming that a conflict of interest existed because the elected district attorney had represented him previously in a criminal matter which was dismissed in 2006. On May 9, 2012, the State filed a notice of its intent to seek a deadly weapon finding against Eggins. On May 10, 2012, the elected district attorney filed a "Notice of Disqualification" stating that he had a conflict of interest because of the prior case which involved the same victim and sought to have an attorney pro tem appointed to represent the State. That same day, the trial court signed an order of disqualification and appointed an attorney pro tem to represent the State, and that attorney assumed the prosecution of the case at that time. At trial, the State sought a finding and the jury affirmatively found that a deadly weapon was used in the commission of the offense.

*Disqualification*

Eggins' sole issue argues that the filing of the notice of the State's intent to seek a deadly weapon finding should be declared void due to the trial court's order granting the disqualification of the elected district attorney that occurred after the filing of the notice. Eggins does not challenge the propriety of the indictment or other proceedings that took place prior to the disqualification of the elected district attorney.

Article 2.01 of the code of criminal procedure discusses the duties of district

attorneys:  each district attorney "shall represent the State in all criminal cases in the district courts of his district . . . except in cases where he has been, before his election, employed adversely."  TEX. CODE CRIM. PROC. ANN. art. 2.01.  The legislature has prescribed four circumstances for judicial appointment of an attorney pro tem when the district attorney is absent or disqualified:  whenever an attorney for the State (1) is disqualified to act in any case or proceeding, (2) is absent from the country or district, (3) is otherwise unable to perform the official duties, or (4) in any instance where there is no attorney for the State.  *Id*. art. 2.07(a).  Once appointed, the attorney pro tem "stands in the place of the regular attorney for the state and performs all the duties the state attorney would have performed under the terms of the appointment."  *Coleman v. State*, 246 S.W.3d 76, 82 (Tex. Crim. App. 2008).

A trial court may not disqualify a district attorney for a conflict of interest unless the conflict rises to the level of a due-process violation.  *See State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex. Crim. App. 1994); *see also Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008).  Mere allegations of wrongdoing will not suffice.  *See State ex rel. Hilbig v. McDonald*, 877 S.W.2d 469, 471-72 (Tex. App.—San Antonio 1994, orig. proceeding).  Instead, "a due-process violation occurs only when the defendant can establish 'actual prejudice,' not just the threat of possible prejudice . . . ."  *Goodman v. State*, 302 S.W.3d 462, 467 (Tex. App.—Texarkana 2009, pet. ref'd) (*citing Landers*, 256 S.W.3d at 304-05).

It is clear from Eggins' motion to recuse and the State's notice of disqualification and request to have an attorney pro tem appointed that the elected district attorney was not legally disqualified because the elected district attorney had not previously represented Eggins in the same proceeding prior to being elected. A district attorney who is not legally disqualified may request that the trial court permit him to recuse himself in a particular case for good cause. This procedure allows the district attorney to avoid conflicts of interest and even the appearance of impropriety by deciding not to participate in certain cases. *See State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 6 & n.6 (Tex. Crim. App. 1990) (discussing the distinction between legal disqualification and voluntary recusal for a possible conflict of interest to avoid the appearance of impropriety). Once the trial court approves his voluntary recusal, the district attorney is deemed "disqualified." TEX. CODE CRIM. PROC. Art. 2.07(b-1). The responsibility for making the decision to recuse himself is on the district attorney himself; the trial court cannot require his recusal. *Johnson v. State*, 169 S.W.3d 223, 229 (Tex. Crim. App. 2005) ("A prosecutor's refusal to recuse himself from the case cannot be corrected because the trial court has no authority to force a recusal."); *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 939 (Tex. Crim. App. 1994) (stating "the district attorney must initiate his own recusal under art. 2.07").

The elected district attorney's ability to represent the State was not challenged by Eggins until shortly before trial. Eggins' motion does not allege a due process violation,

but seeks to claim that the elected district attorney had attorney-client privileged information from his prior representation of Eggins. There is no allegation that any privileged information was used to the detriment of Eggins or that he was otherwise harmed during the prosecution of this case due to the prior representation. Eggins has not alleged or established actual prejudice from the prior representation sufficient to rise to the level of a due process violation.

Because the district attorney was not disqualified from acting until the trial court signed the order of disqualification, and because Eggins did not allege or establish actual prejudice from the prior representation sufficient to rise to the level of a due process violation, we find that the filing of the notice of intent to seek a deadly weapon finding was not void due to being filed by a disqualified prosecutor. We overrule Eggins' sole issue.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 19, 2014
Do not publish
[CRPM]