

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-14-00294-CR

## IN RE R. LOWELL THOMPSON, DISTRICT ATTORNEY

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

Relator, R. Lowell Thompson, the District Attorney for Navarro County, Texas, petitions this Court to issue a writ of mandamus directing respondent, the Honorable Amanda D. Putman, Judge of the Navarro County Court at Law, to vacate an order disqualifying Amy Cadwell, an Assistant District Attorney for Navarro County, Texas, from prosecuting real party in interest, Felecia M. Manuere, in trial court cause number C35220-CR for a criminal offense committed against a child. Because we conclude that respondent lacks the authority to disqualify Cadwell from representing the State in this matter, we conditionally grant relator's petition for writ of mandamus.[1]

---

[1] Based on our disposition of this matter, we dismiss all pending motions as moot.

## I. BACKGROUND

On January 8, 2013, Manuere filed a report documenting that her daughter, K.M., had been sexually assaulted by K.M.'s uncle and Manuere's husband. The two men were indicted, and K.M.'s uncle was later found guilty after a jury trial. Thereafter, the State began preparing for trial against Manuere's husband. In both cases, the State was represented by Assistant District Attorney Amy Cadwell. While preparing for trial, Cadwell spoke with K.M. about the alleged abuse, and K.M. told Cadwell that Manuere had been aware of the abuse for several years. To further prepare for trial against Manuere's husband, Cadwell and Detective Ronni Phillips, the lead investigator in the criminal cases against K.M.'s uncle and Manuere's husband, met with Manuere for twenty or thirty minutes in the District Attorney's Office. During this meeting, Manuere admitted that she knew of the abuse against K.M. At the hearing on Manuere's motion to disqualify, Cadwell testified that she responded to Manuere's admission as follows:

> Actually, the conversation was failure to report versus perjury. Umm. I explained to her that if she did know about it, she'd already committed perjury and that was a felony. And that if she she [sic] had known about it and didn't report it; that was failure to report, and that's a misdemeanor. And that's why I also told her, "If you did know about it, there's some crime, so that's why you have a right to an attorney. You don't have to give a statement."

Cadwell further explained that the purpose of the meeting with Manuere was to determine whether Manuere was going to perjure herself at trial, in which case the

District Attorney could not present Manuere as a witness for the State in that case.

Manuere also testified at the hearing and recounted that Cadwell asked all of the questions at the meeting while Detective Phillips sat there. Manuere stated that Cadwell threatened her after she admitted to knowing about the abuse and that the threat induced her to come in the next day and give an interview to Detective Phillips.[2]

Subsequently, Manuere was indicted as a party to her husband's sexual abuse of K.M. On July 11, 2014, Manuere filed a motion to disqualify Cadwell as the prosecutor, arguing that Cadwell was a potential witness. After a hearing, the trial court granted Manuere's motion to disqualify Cadwell and issued findings of fact and conclusions of law.

On October 2, 2014, relator filed his mandamus petition in this Court. We requested a response from all interested parties. To date, neither Manuere nor the respondent have filed a response.[3]

## II. ANALYSIS

### A. Standard of Review

In a criminal mandamus, the relator must show that he has no adequate remedy at law and what he seeks to compel is a ministerial act. *Bowen v. Carnes*, 343 S.W.3d 805,

---

[2] Later, the State recalled Cadwell and Detective Phillips. Both witnesses refuted Manuere's recollection of the meeting.

[3] On October 14, 2014, Manuere filed numerous motions in this Court, including a motion for extension of time to file a response. We granted Manuere's motion for extension of time and ordered that she file her response by Monday, October 20, 2014. As stated above, Manuere has not timely filed her response.

810 (Tex. Crim. App. 2011); *see State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). It is undisputed that the State cannot appeal the disqualification order. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West Supp. 2014) (listing orders from which the State can appeal—none of which include an order disqualifying an assistant district attorney); *see also State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 932 (Tex. Crim. App. 1994) (orig. proceeding) (plurality op.) (concluding that the State had no legal remedy other than mandamus to challenge a trial court's order prohibiting two attorneys from serving as assistant district attorneys). Therefore, the only issue here is whether the State has demonstrated that what is seeks to compel is a ministerial act.

An act is ministerial if relator can show a clear right to the relief sought. *Bowen*, 343 S.W.3d at 810. A clear right to relief is shown when the facts and circumstances dictate but one rational decision under "unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (quoting *Bowen*, 343 S.W.3d at 810). Mandamus is not available to compel a discretionary act as distinguished from a ministerial act. *See State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984); *see also In re State of Tex.*, No. 08-13-00195-CR, 2014 Tex. App. LEXIS 6169, at *11 (Tex. App.—El Paso June 6, 2014, orig. proceeding). However, a "discretionary" act can become "ministerial" when the facts and circumstances dictate

but one rational decision. *In re State of Tex.*, 162 S.W.3d 672, 675 (Tex. App.—El Paso 2005, orig. proceeding) (citing *Buntion v. Harmon*, 827 S.W.2d 945, 948 n.2 (Tex. Crim. App. 1992)). Mandamus relief is available to the State when a trial judge enters an order for which she has no statutory authority to enter. *See State ex rel. Holmes*, 671 S.W.2d at 899; *see also In re State of Tex.*, 2014 Tex. App. LEXIS 6169, at *11.

**B.    Applicable Law**

Under Texas law, a district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals from those cases. TEX. CODE CRIM. PROC. ANN. art. 2.01 (West 2005); *Coleman v. State*, 246 S.W.3d 76, 81 (Tex. Crim. App. 2008). The authority of court and district attorneys cannot be abridged or taken away. *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 4 (Tex. Crim. App. 1990) (plurality op.). Moreover, the State may not be represented in district or inferior courts by any person other than the county or district attorney. *Id.*

However, a trial court may appoint an attorney pro tem to represent the State whenever an attorney for the State is disqualified. TEX. CODE CRIM. PROC. ANN. art. 2.07(a) (West 2005). In any event, the term disqualification must be distinguished from recusal because the terms are not interchangeable. *See In re Ligon*, 408 S.W.3d 888, 891 (Tex. App.—Beaumont 2013, orig. proceeding) (citing *In re Guerra*, 235 S.W.3d 392, 410 (Tex. App.—Corpus Christi 2007, orig. proceeding); *see also In re State of Tex.*, 2014 Tex. App. LEXIS 6169, at *12. In this context, legal disqualification refers to the ineligibility

to act as the prosecutor in a criminal case. *In re Ligon*, 408 S.W.3d at 891 (citing *Coleman*, 246 S.W.3d at 81). If a district attorney is disqualified, absent from the district, or otherwise unable to perform his duties, the trial court may appoint any competent attorney to perform the duties of the district attorney. TEX. CODE CRIM. PROC. ANN. art. 2.07(a).

Under article 2.08 of the Code of Criminal Procedure, there are only two grounds for disqualification: (1) district and county attorneys shall not be of counsel adversely to the State in any case, nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State; and (2) a judge of a court in which a district or county attorney represents the State shall declare the district or county attorney disqualified for purposes of article 2.07 on a showing that the attorney is the subject of a criminal investigation by a law enforcement agency if that investigation is based on credible evidence of criminal misconduct for an offense that is within the attorney's authority to prosecute. TEX. CODE CRIM. PROC. ANN. art. 2.08 (West Supp. 2014). Neither of these grounds apply in this case.

Recusal refers to the voluntary removal of a prosecutor because of a conflict of interest or for some other good cause. *See In re Ligon*, 408 S.W.3d at 891; *see also In re State of Tex.*, 2014 Tex. App. LEXIS 6169, at **14-15. A district attorney who is not legally disqualified may request that the trial court permit him to recuse himself in a particular case for good cause. TEX. CODE CRIM. PROC. ANN. art. 2.07(b-1) ("An attorney for the

state who is not disqualified to act may request the court to permit him to recuse himself in a case for good cause and upon approval by the court is disqualified."); *Coleman*, 246 S.W.3d at 81. Based on this procedure, a district attorney may avoid conflicts of interest and the appearance of impropriety by deciding not to participate in certain cases. *Coleman*, 246 S.W.3d at 81. After the trial court approves the voluntary recusal, the district attorney is considered "disqualified." TEX. CODE CRIM. PROC. ANN. art. 2.07(b-1); *Coleman*, 246 S.W.3d at 81.

And finally, the responsibility for making the decision to recuse is that of the district attorney; a trial court does not have the authority to compel a district attorney to recuse. *Landers v. State*, 256 S.W.3d 295, 306 (Tex. Crim. App. 2008); *Coleman*, 246 S.W.3d at 81; *see Johnson v. State*, 169 S.W.3d 223, 229 (Tex. Crim. App. 2005) ("A prosecutor's refusal to recuse himself from the case cannot be corrected because the trial court has no authority to force a recusal."); *State ex rel. Hill*, 887 S.W.2d at 932 ("As this Court has ruled before, neither an elected prosecuting attorney, nor his assistants, can be disqualified or prevented by a trial court from carrying out their duties to prosecute criminal cases."); *see also State ex rel. Eidson*, 793 S.W.2d at 5 ("A trial judge is without legal authority to remove a District Attorney from a case and, as such, any order attempting to do so is void.").

## C.    Discussion

In support of its granting of Manuere's motion to disqualify, the trial court

concluded the following, among other things:

1. Cadwell's testimony is material.

2. Cadwell voluntarily placed herself in the position of becoming an investigator.

3. Cadwell voluntarily placed herself in the position of becoming a material witness.

4. Denial of Defendant's Motion to Disqualify Prosecutor would amount to a violation of Defendant's right to Due Process.

5. Denial of Defendant's Motion to Disqualify Prosecutor would amount to a violation of the Confrontation Clause.

However, none of these conclusions reference either of the legal grounds for disqualification set forth in article 2.08 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 2.08. Given that a trial court cannot compel a district attorney to recuse, the trial court did not have the authority to disqualify Cadwell from representing the State.[4] *See id.*; *Coleman*, 246 S.W.3d at 81; *Hill*, 887 S.W.2d at 932; *Pirtle*,

---

[4] We also recognize that a trial court may not disqualify a district attorney for a conflict of interest unless the conflict rises to the level of a due-process violation. *See State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex. Crim. App. 1994) (orig. proceeding) (plurality op.); *see also Landers v. State*, 256 S.W.3d 295, 304-06 (Tex. Crim. App. 2008) (stating, among other things, that a trial court is without legal authority to disqualify an elected district attorney solely on the basis of a violation of the Texas Disciplinary Rules of Professional Conduct"). Mere allegations of wrongdoing will not suffice. *See State ex rel. Hilbig v. McDonald*, 877 S.W.2d 469, 471-72 (Tex. App.—San Antonio 1994, orig. proceeding). Instead, "a due-process violation occurs only when the defendant can establish 'actual prejudice,' not just the threat of possible prejudice . . . ." *Goodman v. State*, 302 S.W.3d 462, 467 (Tex. App.—Texarkana 2009, pet. ref'd) (citing *Landers*, 256 S.W.3d at 304-05). Nothing in this record indicates that Manuere's allegations of due-process violations are anything more than mere speculation. Therefore, we do not believe that the testimony adduced at the hearing on Manuere's motion to disqualify establishes actual prejudice amounting to a violation of her due-process rights. *See id.*; *see also Landers*, 256 S.W.3d at 304-05; *McDonald*, 877 S.W.2d at 471-72.

887 S.W.2d at 927; *Eidson*, 793 S.W.2d at 5; *In re Ligon*, 408 S.W.3d at 891; *see also In re State of Tex.*, 20104 Tex. App. LEXIS 6169, at *16. We therefore conclude that relator has established his entitlement to mandamus relief.

## III. CONCLUSION

Based on the foregoing, we conditionally grant mandamus relief and order respondent to vacate her order disqualifying Cadwell in trial court cause number C35220-CR. We are confident respondent will comply, and the writ will issue only if respondent fails to do so.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Conditionally Granted
Opinion delivered and filed October 23, 2014
[OT06]

---

And with regard to the trial court's conclusion about the Confrontation Clause, which is presumably based on Manuere's assertion that Cadwell could be called as a witness regarding prior inconsistent statements allegedly made by K.M., we note that other witnesses could be called to testify about K.M.'s statements, including the forensic interviewers who have spoken to K.M. Furthermore, the records from the trials of Manuere's husband and K.M.'s uncle should be available at the time Manuere is tried and could also be used for impeachment purposes. In other words, there are several resources that Manuere could use to impeach K.M.'s prior statements other than using Cadwell as a witness. Accordingly, we cannot say that Manuere has established "actual prejudice" warranting the disqualification of Cadwell as the prosecuting attorney in this case. *See Landers*, 256 S.W.3d at 304-05; *see also Goodman*, 302 S.W.3d at 467; *McDonald*, 877 S.W.2d at 471-72.

