

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00055-CR

**DAVID MICHAEL WIGGS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. F391-21

## MEMORANDUM OPINION

Without the benefit of an agreement with the State, appellant, David Michael Wiggs, pleaded guilty to the offense of evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04. The trial court accepted Wiggs's plea to guilty, made a deadly-weapon finding, and sentenced Wiggs to eight years in prison. The trial court also certified Wiggs's right to appeal only punishment.

In two issues, Wiggs argues that the trial court erred by: (1) making an affirmative finding of the use of a vehicle as a deadly weapon because it lacks a factual basis required by article 1.15 of the Texas Code of Criminal Procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 1.15; and (2) refusing to appoint Wiggs an attorney or provide Wiggs with a free record on appeal. We affirm.

## The Trial Court's Deadly-Weapon Finding

In his first issue, Wiggs asserts that the trial court erred by making an affirmative finding of the use of the vehicle as a deadly weapon because it lacks a factual basis required by article 1.15 of the Texas Code of Criminal Procedure.[1] *See id.*

---

[1] In addition to arguing that the evidence is sufficient to support the trial court's deadly-weapon finding, the State suggests that Wiggs did not preserve his complaint for appeal because a deadly-weapon finding is not a part of Wiggs's sentence, and because the trial court certified Wiggs's right to appeal only punishment. *See Ex parte Huskins*, 176 S.W.3d 818, 820-21 (Tex. Crim. App. 2005) (en banc) ("A deadly-weapon finding, however, is not part of the sentence." (citing *State v. Ross*, 953 S.W.2d 748, 751 (Tex. Crim. App. 1997))). A deadly-weapon finding does not alter the range of punishment to which the defendant is exposed, or the number of years assessed. *Id.* The finding does, however, affect a defendant's eligibility for probation and parole. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054(b)-(d); *see also* TEX. GOV'T CODE ANN. § 508.145(d)(1)-(2). In any event, given that Wiggs challenges the sufficiency of the evidence supporting the deadly-weapon finding under article 1.15 of the Texas Code of Criminal Procedure, we are not persuaded by the State's preservation argument as it pertains to the trial court's certification of Wiggs's right to appeal. *See, e.g., Thomas v. State*, No. 03-19-00471-CR, 2021 Tex. App. LEXIS 5412, at **13-14 (Tex. App.—Austin July 8, 2021, pet. ref'd) (mem. op., not designated for publication) (holding that the defendant failed to preserve his complaint about a deadly-weapon finding because he failed to object to the finding and file a motion for new trial challenging that finding, but noting that a challenge to the sufficiency of the evidence supporting a deadly-weapon challenge need not be preserved in the trial court) (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (noting that appellate challenges to the sufficiency of the evidence supporting a deadly-weapon finding require no objection in the trial court); *West v. State*, No. 03-01-00309-CR, 2002 Tex. App. LEXIS 4200, at *5 (Tex. App.—Austin June 13, 2002, pet. ref'd) (not designated for publication) (noting that "challenges to the legal sufficiency of evidence concerning deadly weapon findings in particular do not need to be preserved at the trial level"))).

Article 1.15 of the Texas Code of Criminal Procedure requires the State to offer sufficient evidence to support any judgment based on a guilty or nolo contendere plea in a felony case tried to the court. *Id.*; *see Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). The State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15.

A guilty plea waives all non-jurisdictional defenses, including challenges to the sufficiency of the evidence. *See Ex parte Williams*, 703 S.W.2d at 682; *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd); *see also Manoy v. State*, 7 S.W.3d 771, 779 (Tex. App.—Tyler 1999, no pet.) ("When no plea bargain exists and a guilty plea is knowingly and voluntarily entered, all non-jurisdictional defects, including claimed deprivations of federal due process, are waived."). By pleading guilty, Wiggs has waived the right to challenge the legal sufficiency of the evidence to sustain his conviction. *See Ex parte Williams*, 703 S.W.2d at 682; *see also Keller*, 125 S.W.3d at 605. On appeal from judgments based on felony guilty pleas to the court, our "sufficiency" review is limited to determining whether sufficient evidence supports the judgments of guilt under article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *see also Keller*, 125 S.W.3d at 605.

Here, Wiggs was charged by indictment with evading arrest or detention with a vehicle. The indictment further alleged that Wiggs "used or exhibited a deadly weapon, namely a pickup truck, during the commission of or immediate flight from the offense." Wiggs entered an open plea of guilty to the offense charged in the indictment. Furthermore, the plea paperwork signed by Wiggs specifically provided that he "JUDICIALLY CONFESSES to committing the offense(s) of Evading Arrest or Detention with a Vehicle—*Deadly Weapon Finding* (emphasis added)." The plea paperwork also stated that: (1) "The Defendant consents to an oral stipulation of the evidence and testimony and to the introduction of testimony by affidavits, written statements of the witnesses and any other documentary evidence, except as to the punishment hearing, which will be in person"; and (2) "Having been informed of whatever right to pursue a motion for new trial and appeal may exist, and having agreed to waive those rights, and after having consulted with my attorney, I hereby voluntarily, knowingly and intelligently waive those rights, except as to punishment."

The record establishes that Wiggs freely, intentionally, knowingly, and voluntarily confessed to using a deadly weapon during the commission of the offense. A presumption of truthfulness and regularity applies to documents filed in the trial court. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985); *Valdez v. State*, 826 S.W.2d 778, 783 (Tex. App.—Houston [14th Dist.] 1992, no pet.). Wiggs's judicial confessions are sufficient evidence to show that he used a deadly weapon, and the record need not

otherwise provide proof.[2]  *See Keller*, 125 S.W.3d at 605; *cf. Knight v. State*, 481 S.W.2d 143, 143 (Tex. Crim. App. 1972).  Thus, we conclude that Wiggs's stipulation of guilt and judicial confession are sufficient evidence to support the judgment under article 1.15 of the Texas Code of Criminal Procedure.  Wiggs's first issue is overruled.

## The Trial Court's Determination of Indigence

In his second issue, Wiggs contends that the trial court erred by not finding him indigent, appointing him counsel, and providing him with a free record on appeal.  We disagree.

"In the appointment of counsel context, a defendant is indigent if he is financially 'without the means to employ counsel' of his own choosing."  *Whitehead v. State*, 130 S.W.3d 866, 878 (Tex. Crim. App. 2004) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(o)).  "For the purpose of determining entitlement to a free record, a defendant is

---

[2] We also note that in addition to Wiggs's judicial confession, the State presented sufficient evidence to support the deadly-weapon finding.  *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (providing that a "deadly weapon" is "anything in the manner of its use or intended use us capable of causing death or serious bodily injury"); *see also Sierra v. State*, 280 S.W.3d 250, 255-56 (Tex. Crim. App. 2009) (noting that a motor vehicle can be a deadly weapon if the manner of its use is capable of causing death or serious bodily injury); *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (affirming the trial court's deadly-weapon finding in an evading case where the defendant led police on a fifteen-mile, high speed chase during which he "disregarded traffic signs and signals, drove erratically, wove between lanes and within lanes, turned abruptly into a construction zone . . . and drove down the wrong side of the highway" and noting that the defendant's "manner of using his truck posed a danger to pursuing officers and other motorists that was more than simply hypothetical").  In particular, the evidence showed that Wiggs struck a vehicle in Johnson County and continued into Hill County while driving at high rates of speed and slamming on his brakes with officers in pursuit.  The evidence also demonstrated that Wiggs cut off a semi-truck, drove through multiple ditches, and collided with an occupied semi-truck while traveling in the wrong direction.  Wiggs did not stop and apparently tried to drive through the semi-truck in his attempt to evade police.  And once he was detained, Wiggs, who runs the Under the Bridge ministry for homeless people, threatened that Hillsboro police would "answer for this one day" and exclaimed "fuck your kids, fuck your wife, fuck your momma . . . ."

considered indigent if he 'cannot pay or give security' for the appellate record." *Id.* (quoting TEX. R. APP. P. 20.2). "While these inquiries generally involve the same factors to be considered, it is possible for a defendant to be indigent in one context but not the other." *Id.*

Indigency determinations are made on a case-by-case basis and are reviewable for an abuse of discretion. *See McFatridge v. State*, 309 S.W.3d 1, 5 (Tex. Crim. App. 2010); *see also Coleman v. State*, 246 S.W.3d 76, 85 (Tex. Crim. App. 2008). Courts use a two-step process when making indigency determinations for the purpose of appointment of counsel. *McFatridge*, 309 S.W.3d at 6. First, the defendant must make a prima facie showing of indigence. *Id.* Once the defendant satisfies this initial burden of production, the burden then shifts to the State to show that the defendant is not, in fact, indigent. *Id.* If a defendant establishes a prima facie case, "'an appellate court can uphold a trial court's determination of non-indigence only if the record contains evidence supporting such a determination.'" *Id.* (quoting *Whitehead*, 130 S.W.3d at 874). We will uphold the trial court's decision denying a defendant's indigent status only if we find that the trial court, having used the appropriate test, "'reasonably' believed the defendant was not indigent." *Id.* The trial court may require a defendant to verify his claim of indigence with supporting documentation. *Whitehead*, 130 S.W.3d at 875. "If the trial court does not request verification, then the defendant's sworn allegations should be accepted unless the allegations are suspect in a manner that verification would not remedy." *Id.*

Although there are no set standards to guide the trial court in making a determination of indigency, the factors in article 26.04(m) of the Texas Code of Criminal Procedure should be considered. TEX. CODE CRIM. PROC. ANN. art. 26.04(m); *see Ex parte Bain*, 568 S.W.2d 356, 361 (Tex. Crim. App. 1978). Article 26.04(m) provides:

> In determining whether a defendant is indigent, the court or the courts' designee may consider the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, and spousal income that is available to the defendant.

TEX. CODE CRIM. PROC. ANN. art. 26.04(m).

In the instant case, the trial court initially determined that Wiggs was indigent and appointed trial counsel. This determination was based on Wiggs's affidavit of indigence filed on October 5, 2021, wherein Wiggs stated he is on food stamps, has no income, and has $2,900 a month in expenses.[3] Under article 26.04(p) of the Texas Code of Criminal Procedure, a defendant determined to be indigent is presumed to remain indigent unless a material change in the defendant's financial circumstances occurs. *Id.* art. 26.04(p).

At the punishment hearing in this case, Wiggs testified that he has a home and an RV that are both paid in full. He also admitted to receiving income by way of grants from the government for his Under the Bridge ministry. Wiggs also acknowledged that he owns a Cadillac and that he had just bought a new Dodge Ram pickup truck, which was

---

[3] With regard to assets, Wiggs stated in his October 5, 2021 affidavit of indigence that: (1) he is the sole owner of a house valued at $180,000; (2) he owns a 2016 Cadillac XTS valued at $10,000; and (3) he has $200 in a checking account.

Wiggs v. State                                                                 Page 7

the vehicle used in this offense. When asked how he could pay for a new Dodge Ram pickup truck with no income, Wiggs stated: "I have grants. That's my income." When asked to clarify if grant money was used to purchase the Dodge Ram pickup, Wiggs noted:

> No, I didn't use that for that. I was working at that time whenever I bought that Ram. I was the finance manager at Fort Worth Mitsubishi, and then I left to go to Family Auto, and I was there for a few months, and I was at Family Auto when I was working in July. I was working for Family Auto making 15 grand a month as a finance manager.

Wiggs later explained that he did not receive grants from the government until the month of the punishment hearing and that, prior to receiving the grants, he "was working. I had money saved." The State also elicited testimony from Wiggs, wherein Wiggs admitted that he recently paid bail amounts on a theft charge, a charge of harassment of a public servant for spitting on a police officer and for retaliation for threatening a police officer, a charge of unauthorized use of a motor vehicle, and for this charge. Wiggs then tested positive for cocaine, was arrested, and once again paid the bail amount. According to Wiggs, "I bonded myself out from the money I was making from working." Wiggs noted that the total amount paid for bail in all of his recent cases was "[a]bout 20 grand." He further admitted that *he is not indigent* and insisted that he would pay all fees associated with community supervision in this case if the trial judge placed him on community supervision.

On March 8, 2022, after the trial court entered its judgment in this case, Wiggs executed another affidavit of indigence. In this filing, Wiggs stated that he is unemployed due to incarceration, he receives food stamps, he has no monthly income, the house he previously stated that he owed is really in his mother's name, his Cadillac vehicle was repossessed, and that he has no money in a checking account.

Regardless, in finding that Wiggs is not indigent, the trial court indicated that Wiggs "testified that he was not indigent [and] owned a home without debt worth $190,000 [sic]. This application contradicts sworn testimony."

The defendant's ability to pay may also change over time, and the court may reconsider any earlier indigence determination. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Whitehead*, 130 S.W.3d at 876 ("The question of indigence is subject to reconsideration if the defendant's financial status changes and, at least in the case of appointed counsel, the defendant can be required to reimburse the cost of legal services if it is later determined that he is able to do so." (footnote omitted)). At the punishment hearing, Wiggs provided additional information regarding his financial status, including an admission that he is not indigent. This additional information reflects a material change in Wiggs's financial circumstances from the initial indigency determination. Based on the testimony adduced at the punishment hearing, we cannot say that the trial court abused its discretion by concluding that Wiggs is not indigent and, thus, not entitled to the appointment of counsel or a free record on appeal. *See McFatridge*, 309

S.W.3d at 5; *Coleman*, 246 S.W.3d at 85; *see also Whitehead*, 130 S.W.3d at 878. Accordingly, we overrule Wiggs's second issue.

## Conclusion

Having overruled both of Wiggs's issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Johnson,
  and Justice Smith
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed January 25, 2023
Do not publish
[CR25]

*(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue.)

